BERNARD GOODMAN *vs.* NEW YORK, NEW HAVEN AND

HARTFORD RAILROAD COMPANY.

MAY 28, 1956.

PRESENT: Flynn, C. J., Condon, Roberts and Paolino, JJ.

PAOLINO, J. This action of trespass on the case for negligence was brought by the operator of a truck to recover damages for personal injuries resulting from a collision between the truck and a train at a railroad crossing. The action was tried in the superior court before a jury, and at the conclusion of the evidence for both plaintiff and

defendant the trial justice granted the defendant's motion for a directed verdict. The case is before us on the plaintiff's single exception to that ruling.

A general outline of the basic facts will help to better understand the issues here presented. The collision occurred at Phillips Hill Road railroad crossing in the town of Coventry in this state. At that place defendant's single set of tracks runs generally east and west, and Phillips Hill Road runs generally north and south and is upgrade until it approaches defendant's right of way. On the day of the accident, November 19, 1953, plaintiff was driving an empty ten-ton van truck southerly from the state of Connecticut towards Providence and the train was traveling easterly. The plaintiff was familiar with Phillips Hill Road and the railroad crossing, since he had driven over that road previously. It was about 6 p.m. and dark, but the weather was clear. The headlights were on low beam and the body lights of the truck were lighted. Just before reaching the railroad right of way, on plaintiff's side of the crossing, there was a large sign reading: "Railroad Crossing Stop, Look And Listen."

The most favorable view of the evidence for plaintiff shows the following facts. He was driving southerly on Phillips Hill Road toward the crossing, and as he reached a point about 35 to 40 feet from the tracks, he swerved to his left to pass an automobile which was ahead of him. The occupants of that car testified they had stopped because they heard the signals of an approaching train, the lights of which also could be seen for a long distance. The plaintiff testified that he had seen the tracks 40 or 50 feet before he got to them; that the last time he looked to the right was when the front part of his truck was about 10 feet from the railroad tracks; and that he looked in the direction from which the train was coming and did not observe anything within 200 feet up the tracks. The undisputed testimony is that from that point as you approach the tracks

there is no obstruction of view for 1,350 feet or more. Without stopping, plaintiff testified that he proceeded to cross the tracks at a speed of four to six miles per hour, and when the front of his truck had reached a point about 15 feet on the opposite side of the tracks the van of the truck was struck on the side by the diesel engine of the train.

It is undisputed that the diesel was propelling an eight-car train and caboose; that its headlight was on bright and showed the tracks ahead of it for 800 to 1,000 feet and a considerable distance on either side; that at a point about 1,320 feet from the crossing there is a whistling post; that the engineer started to blow the train's whistle and ring the bell; that the signals were heard by the occupants of the car which plaintiff had passed and also by the other witnesses; that the train was going 20 to 25 miles per hour; that at that time and place and under the weather conditions prevailing, the train required 300 to 400 feet in which to stop; and that it did stop within that distance after plaintiff's truck was actually observed in a position of peril.

There is no evidence which places the train as much as 300 or more feet away from the crossing when plaintiff's conduct showed that he was not going to stop but intended to continue across the tracks; nor did plaintiff deny any of the testimony concerning the train's speed, lights, and signals. He merely testified that when he was about 10 feet from the tracks he looked and saw nothing within 200 feet. All the other evidence places the train well within 300 feet of the crossing when plaintiff actually left a place of safety to cross the tracks. The uncontradicted testimony is that the train approached the crossing with the whistle blowing and the bell ringing; that the engineer saw the beams of automobile headlights standing still on plaintiff's side of the tracks and assumed the traffic had stopped and was waiting for him to pass; and that just before the train got to the crossing the truck suddenly came into the crossing

in front of the train. The engineer testified he immediately put the brake valve handle into emergency and that there was a very short lapse of time between his first sight of the truck actually coming into the crossing and his application of the emergency.

The question of contributory negligence on the part of plaintiff in the case at bar presents no problem. This court has stated in *Kennedy* v. *New York, New Haven & Hartford R. R.*, 43 R. I. 358, at page 362: "It is well known that a railroad crossing is a place of great danger and that a prudent person does not attempt to cross without first looking to ascertain whether he may safely do so, unless there is some strong and impelling reason for not looking. There can be no difference of opinion as to what prudent men do under ordinary circumstances when the view is unobstructed. Hence, it has become a rule of law that a person ordinarily must look and if he fails to do so he is guilty of negligence as a matter of law."

In the instant case the plaintiff sought to satisfy this obligation by merely testifying that he looked and did not see the train within 200 feet and that he did not hear any signals. This mere negative testimony of his failure to see what was to be seen on the tracks, if he looked, or to hear the signals which were undeniably in operation, is not probative evidence that in the circumstances he was free of contributory negligence, or that the operator of the train had failed to exercise reasonable care in controlling its movement or in signaling its approach. See *Lebrun* v. *United Electric Rys.*, 54 R. I. 54, 56; *Keenan* v. *Providence Journal Co.*, 52 R. I. 54, 57. In our opinion the facts clearly indicate that plaintiff was guilty of contributory negligence.

Before we consider the application of the doctrine of the last clear chance, as contended for by plaintiff, we must decide whether or not there was any evidence of negligence on the part of defendant. After a careful reading of the transcript we are of the opinion that plaintiff has produced

no evidence whatsoever showing negligence on the part of defendant. It is undisputed that the train at that time and place was going at a speed of 20 to 25 miles per hour as it approached the crossing and that it required 300 or 400 feet in which to be stopped. There is no evidence to establish that this speed was excessive or that when the plaintiff's position of peril was actually known, or by the exercise of reasonable care should have been discovered by the train crew, the train was more than 300 feet away from the crossing so as to permit it to be stopped or slowed sufficient to avoid the accident.

On the other hand, the undisputed physical facts and the mathematics of the evidence in this record as pointed out by the testimony show conclusively that the train was less than 300 feet from the crossing when the plaintiff actually placed himself in a position of peril so as to be discoverable by the train crew. Nor is there any evidence that the train was being operated without giving proper warning, or that any of its equipment was imperfect and not in good working order. Moreover there was no evidence that the train was not brought to a stop within a reasonable time and distance after plaintiff's position of peril was discoverable by the exercise of reasonable care. In other words, there was no evidence of failure in the circumstances to reasonably control the diesel and train of defendant. Therefore on any reasonable view of the evidence the trial justice in granting the defendant's motion for a directed verdict was without error. See *Vizacchero* v. *Rhode Island Co.*, 26 R. I. 392, 394.

The plaintiff has cited several cases which discuss the duties of a trial justice on a motion for a directed verdict. We have examined these cases and it is our opinion that the conclusion we have reached is consistent with the law set forth therein. See *Power Service Corp.* v. *Pascoag Fire District*, 62 R. I. 167; *James* v. *R. I. Auditorium, Inc.*, 60 R. I. 405; *Silvia* v. *Caizzi*, 63 R. I. 172.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Temkin & Temkin, Frank J. McGee,* for plaintiff.

*William E. Boyle, William J. Carlos,* for defendant.