DAN R. WILBORG & another[1] *vs.* MARVIN DENZELL, JR.

Berkshire. February 4, 1971. — April 13, 1971.

Present: TAURO, C. J., SPALDING, CUTTER, SPIEGEL, & BRAUCHER, JJ.

*Negligence,* Motor vehicle, Contributory. *Proximate Cause. Witness,* Expert witness. *Evidence,* De bene evidence, Absence of witness, Admissions and confessions. *Practice, Civil,* Mistrial, Remark by judge, Charge to jury. *Law of the Road.*

In an action for personal injuries sustained by the plaintiff while driving her automobile southerly on a blacktopped, two lane, straight road at night when she came over the crest of a hill, "saw nothing but headlights and two of them were in her lane," was "terrified" and wanted to get away from "that car," and drove to her right, went off the road, and struck a tree opposite the defendant's sports car, which had stopped south of the crest of the hill and about six inches from the double

---

[1] Mrs. Kay Wilborg was the only person in the car involved in the accident, and is the other plaintiff; she will be referred to hereinafter as the plaintiff.

Wilborg *v.* Denzell.

yellow line in the center of the road after having run out of gasoline while proceeding northerly, where it appeared that a third automobile had been proceeding behind the defendant's car and just prior to the accident had crossed over into the southbound lane to pass the defendant's halted car, it was held that a finding of negligence on the part of the defendant was warranted in that he allowed his car to run out of gasoline, in that he failed to drive to the extreme right during a warning period of about thirty seconds of motor trouble before stopping, and in that he failed to move his car immediately after it stopped; it was further held that the evidence warranted a finding that the defendant's negligence was the proximate cause of the plaintiff's injuries, and did not require a finding of contributory negligence on the part of the plaintiff. [282–283]

At the trial of an action for personal injuries sustained by the plaintiff in an accident caused in part by the defendant's negligence in allowing his sports car to run out of gasoline and stop, there was no error in allowing an experienced automobile dealer who had driven the defendant's car and others like it and was familiar with the scene of the accident to testify as an expert as to warning signs given by the motor of such a car before stopping due to lack of gasoline and as to how far the car would coast after the motor had stopped. [283]

Failure of a party to an action to renew his motion to strike testimony admitted de bene constituted a waiver of any rights to have the testimony struck. [283]

In an action of tort in which the defendant could have appeared at the trial, but did not, and in the jury's presence the judge made a comment apparently prejudicial to the defendant with respect to his absence, there was no abuse of discretion in the judge's denial of a motion for a mistrial then made by the defendant's counsel where it appeared that the charge correctly stated the law and adequately cleared up any possible prejudicial misunderstanding. [283–284]

In an action of tort in which the defendant could have appeared at the trial, but did not, there was no error in the denial of a motion to strike certain testimony of the defendant's father which laid the foundation for comment by the plaintiff on the defendant's failure to appear and testify as constituting an admission. [284–285]

Negligence of the defendant in an action may be found to be a proximate cause of injuries suffered by the plaintiff through intervening conduct of a third person forseeable by the defendant irrespective of whether such conduct of the third person is negligent. [285]

At the trial of an action for personal injuries sustained by the plaintiff in part by reason of the defendant's allowing his car to stop close to the center of a two lane road as he approached the crest of a hill, there was no error in an instruction stating the requirement of G. L. c. 89, § 4, as amended, that slow moving vehicles ascending a grade shall keep to the extreme right hand lane, and adding that it was up to the jury "to determine from all the evidence as to whether that statute applies, and how much weight" they would give to it. [285]

At the trial of an action for personal injuries sustained by the plaintiff while driving an automobile, there was no error in an instruction to the jury on the issue of contributory negligence which left as a question of fact whether she had been faced "with a sudden emergency not of her own creation." [286]

TORT. Writ in the Superior Court dated July 6, 1965.

The action was tried before *Brogna,* J.

*Clement A. Ferris* for the defendant.

*Frederick M. Myers* for the plaintiffs.

SPALDING, J.    This is an action to recover for injuries and consequential damages sustained as a result of an automobile accident.    The jury returned verdicts for the plaintiffs.    We summarize the evidence most favorable to the plaintiffs.

The accident occurred on December 18, 1964, on Mellen Hill on Route 7 in Stockbridge about 200 feet south of the crest of the hill.    At the locus of the accident, Route 7 is a blacktopped, two-lane, straight road.    Marvin Denzell, Jr. (defendant) was the operator of a Volvo P-18 sports car which ran out of gasoline and came to a halt about 165 feet south of the crest of the hill and about six inches from the double yellow line in the center of the road.    The defendant was an experienced driver and had driven 175 miles on the day of the accident.    He had last checked his gasoline gauge at 1:30 P.M., but did not recall what it showed.    One Everitt [2] had been proceeding north behind the defendant, and just prior to the accident he crossed over into the southbound lane to pass the halted car of the defendant. The defendant's car had been stopped from between fifteen seconds and two minutes before the accident.    It was about 8:45 P.M.    The plaintiff, when she came over the crest of the hill, "saw nothing but headlights and two of them were in her lane."    She was "terrified" and wanted to get away from "that car."    She drove to the right, went off the road, and struck a tree at a point about opposite the defendant's

---

[2] The jury returned a verdict for Everitt in a companion case.    Pursuant to a stipulation by the parties this verdict was not recorded, for the case had been settled while the jury were deliberating.

stalled car, sustaining serious injuries. At no time did her car come in contact with either Everitt's car or the defendant's car. There was expert testimony of one Bedard that before a Volvo P-18 would stop because of running out of gasoline, there would be a warning of about thirty seconds during which time the motor would skip, cough or sputter. He also testified that at a speed of thirty-five to forty miles an hour the car would coast from sixty to 150 feet after the motor stopped.

1. The defendant argues that his motion for a directed verdict should have been allowed. We disagree. This motion was made after the presentation of the plaintiff's case, and renewed at the conclusion of all the evidence.[3] From the evidence most favorable to the plaintiff and the inferences that could reasonably be drawn therefrom, there was sufficient evidence to warrant a verdict for the plaintiff. *Hartmann* v. *Boston Herald-Traveler Corp.* 323 Mass. 56. *Carr* v. *Arthur D. Little, Inc.* 348 Mass. 469. The jury could have found that the defendant failed to exercise reasonable care by running out of gasoline, failing to take advantage of the warning period before his car stopped, and failing to move his car immediately after it had stopped. Since it is reasonably foreseeable that a following car may pass a stalled car, the jury could also have found on the evidence that the defendant's negligence was the proximate cause of the plaintiff's injuries.

A more difficult question arises in considering the actions of the plaintiff. The defendant argues that she abandoned all care for her own safety and thus should not be permitted to recover. We disagree. According to the plaintiff's testimony, in driving over the crest of the hill, she saw nothing but headlights coming at her across the roadway, and two were in her lane. She was "terrified" for her safety and made a split second decision to go off the road rather than risk a head on collision. That the collision might not

---

[3] We are not concerned with the first motion. The defendant, having made this motion without resting, had no valid exception. *Goodell* v. *Sviokcla,* 262 Mass. 317.

have occurred had the plaintiff stayed on the road is not determinative. In discussing a similar situation, we said, "Though in retrospect it may appear that the plaintiff's choice of a course of action was mistaken, we cannot say as matter of law that at the time he made the choice, in view of the need of speedy decision and action, it was not a prudent one under the circumstances of the case. 'A choice may be mistaken and yet prudent.'" *Austin* v. *Eastern Mass. St. Ry.* 269 Mass. 420, 424.

2. The defendant argues that his objections to the testimony of an expert witness for the plaintiff should have been sustained. The defendant's first objection to the testimony of one Bedard was that he was not a sufficiently qualified expert. There was evidence that Bedard was an experienced automobile dealer who had driven the defendant's car, a high-powered model, and fifteen others similar to it. He had sold the car in question to the defendant's father. He was familiar with the scene of the accident. We cannot say that the trial judge erred in determining him to be a qualified expert. *Thornton* v. *First Natl. Stores, Inc.* 340 Mass. 222, 224.[4]

It is next contended that a proper foundation for hypothetical questions put to Bedard was not laid. The judge ruled that he was admitting Bedard's testimony de bene, and would entertain a later motion to strike if additional evidence was not provided. We need not decide whether the sufficient additional evidence was introduced, since it appears that the defendant failed to renew his motion to strike. He must therefore be held to have waived any rights to have the evidence struck. *Peterson, petitioner*, 354 Mass. 110, 115.

3. The defendant contends that his motion for a mistrial based on the judge's comments with reference to a summons should have been allowed. It appeared that at the time of

---

[4] The defendant contends that the court's ruling that Everitt was not a qualified expert is inconsistent with this ruling. This view cannot prevail. The background and experience of the two were different and there was no abuse of discretion in finding one a qualified expert and the other not.

the trial the defendant was in military service and that, although he could have been present at trial, he was not. No summons was served on him to appear. The defendant excepted to the judge's permitting a sheriff to testify to a telephone conversation he had had with the defendant's father relative to a summons left by him at the father's home. The father was not a party. The sheriff did not know to whom he was speaking. The judge then stated, "If he was, he's in trouble when he appears in this Courtroom. If he appears in this Courtroom — if he was talking to the Sheriff over the phone, Mr. Ferris [the defendant's attorney], it means he comes into this Courtroom and he's in trouble." The defendant excepted to this comment and made a motion for a mistrial. All of this took place in the presence of the jury. After a conference in chambers, the judge offered to clear the matter up with the jury. In his charge, he told the jury that the defendant had never been served with a summons and they were not to draw any inference from his statement that if the defendant did not appear he would be in trouble; he instructed the jury, however, that they could infer from the defendant's failure to testify that his evidence would not be helpful to his own cause.

The question is whether the judge abused his discretion by explaining his remarks to the jury instead of declaring a mistrial. We are of opinion that he did not. The judge's remarks correctly stated the law and he could have reasonably found that his explanation adequately cleared up any misunderstanding the jury may have had which could have been prejudicial to the defendant. *Hess* v. *Boston Elev. Ry.* 304 Mass. 535, 541. "The judge . . . was not obliged to declare a mistrial, provided he adequately guarded against all improper effect. It was also within his discretion to decide when to take the requisite steps to that end. He might have done so peremptorily and at once, or he could reserve action until his charge . . . ." *Shea* v. *D. & N. Motor Transp. Co.* 316 Mass. 553, 555.

4. The defendant argues alternatively that his motion to

strike the testimony of his father relating to the matter of the summons should have been granted. He argues mainly that he was under no obligation to help the plaintiff prove her case. While this is true, the plaintiff had the right to lay the foundation for comment on the failure of the defendant to appear and testify. Such failure could be treated as an admission. In these circumstances the trial judge did not err in allowing this testimony. See *Howe* v. *Howe*, 199 Mass. 598, 603; *Attorney Gen.* v. *Pelletier*, 240 Mass. 264, 316.

5. Finally, the defendant argues that a number of the judge's instructions to the jury were incorrect. He contends that it was error to instruct the jury that they could find against him without also finding Everitt negligent. This contention is without merit. The defendant is liable for the foreseeable intervening conduct of a third party whether that conduct is negligent or not. *Lane* v. *Atlantic Works*, 111 Mass. 136, 141. *Horan* v. *Watertown*, 217 Mass. 185, 186. *Morrison* v. *Medaglia*, 287 Mass. 46. *Robinson* v. *Weber Duck Inn Co.* 294 Mass. 75, 79. Restatement 2d: Torts, § 439.

The defendant further argues that the instruction concerning G. L. c. 89, § 4, as appearing in St. 1951, c. 646, § 3, which requires slow moving vehicles ascending a grade to keep to the extreme right hand lane,[5] should not have been given because it could only confuse the jury. The judge instructed the jury that it was up to them "to determine from all the evidence as to whether that statute applies, and how much weight" they would give it.

We are of opinion that there was more than sufficient evidence to warrant this instruction and that therefore there was no error in giving it. There was evidence, for example, that when the defendant's car came to a stop it was only six inches from the center line of the road.

The next instructions complained of by the defendant

---

[5] The statute provides in relevant part: ". . . every driver of a slow moving vehicle, while ascending a grade shall reasonably keep said vehicle in the extreme right-hand lane until the top of such grade has been reached."

concern contributory negligence and sudden emergency. The judge charged that in considering whether the plaintiff was contributorily negligent the jury could consider her speed, but that they could find that she was faced "with a sudden emergency not of her own creation." There was no error in this instruction. *Newman* v. *Redstone*, 354 Mass. 379, 383. The judge left the question as one of fact to be determined by the jury. As to the judge's response to a question put to him on this issue by the jury, no exceptions were taken by defence counsel and thus the defendant cannot now raise this issue. Rule 72 of the Superior Court (1954).

The defendant's last objection to the judge's charge is labeled "legal cause," but is actually a mixture of arguments to the effect that the judge was biased in favor of the plaintiff and in his charge made this clear to the jury. The record fails to disclose any such bias. This assertion is both unsupportable and irresponsible.

*Exceptions overruled.*