ANN EBERSTEEN & another *vs.* LOUIS KASSLER. May 9, 1973. This is an action of tort for medical malpractice brought against a physician by a patient and by her husband who seeks consequential damages. The action is based upon the physician's delay in ordering X-rays of the patient's hip after a fall. The jury returned verdicts for the defendant. The plaintiffs' exceptions are directed to the propriety of the trial judge's rulings on four hypothetical questions put to the plaintiffs' medical expert on cross-examination. The expert had also been an attending physician of the patient, following the defendant's treatment of her, and had testified to the medical history of her injury which he had obtained from her. Two hypothetical questions not answered by the witness were not prejudicial to the plaintiffs, nor was the third question or the answer

thereto. The assumptions implicit in the question and expressed in the answer were supported by the evidence and the inferences permissible therefrom. *Carroll* v. *Boston Elev. Ry.* 200 Mass. 527, 533-534. *Hathaway's Administrator* v. *National Life Ins. Co.* 48 Vt. 335, 351-352. See *Clayton* v. *Department of Labor & Indus.* 48 Wash. 2d 754, 759. Cf. *State Bd. of Retirement* v. *Contributory Retirement Appeal Bd.* 342 Mass. 58, 65-66. No subsequent motion having been made to strike the answer to the fourth question, which had been admitted de bene, the answer properly remained in evidence. *Wilborg* v. *Denzell,* 359 Mass. 279, 283. *Peterson* v. *Gaughan,* 404 F. 2d 1375, 1380 (1st Cir.).

*Exceptions overruled.*

*Charles F. Nayor* (*Nachman S. Cohen* with him) for the plaintiffs.
*Robert G. Conley* for the defendant.