COMMONWEALTH vs. ROBERT H. O'BRIEN.

Middlesex.    October 4, 1976. — December 29, 1976.

Present: HENNESSEY, C.J., REARDON, BRAUCHER, KAPLAN, &
WILKINS, JJ.

Practice, Criminal, Capital case, Waiver of jury trial.   Words, "Capi-
tal case."

The definition of "capital case" in G. L. c. 278, § 33E, as amended
through St. 1974, c. 457, governs the meaning of that phrase in
c. 263, § 6, and, therefore, a defendant charged with murder was not
permitted to waive his right to a jury trial pursuant to c. 263, § 6,
even though this court has held the death penalty to be unconstitu-
tional. [606-607]

INDICTMENT found and returned in the Superior Court
on December 5, 1974.

A question of law was reported by Leen, J.

Donald L. Conn for the defendant.

Francis K. Monarski, Assistant District Attorney (Peter
W. Agnes, Jr., Assistant District Attorney, with him) for
the Commonwealth.

REARDON, J.   This case is here on an interlocutory re-
port pursuant to G. L. c. 278, § 30A. The defendant had
been indicted for murder as defined in G. L. c. 265, § 1,
following which a motion was filed requesting that the
defendant be permitted to waive his right to a jury trial.
The judge in his report stated that the defendant had
been questioned "as to his knowledge of the consequences
of executing such a waiver," and that he found that "the
execution of the waiver was the intelligent and voluntary
act of the defendant." At a hearing on the motion the
defendant stated his position that, since capital punish-
ment is not a penalty currently recognized by the law of
the Commonwealth, there are no longer any "capital

case[s]" and that "[h]ence the defendant . . . pursuant to the provisions of General Laws Chapter 263 Section 6 . . . [can] waive a trial by jury and proceed to [a jury waived] trial . . . in precisely the same manner as in any criminal case." The judge denied the defendant's motion for waiver of trial by jury and subsequently reported the case.

The defendant offers a number of unique and intriguing arguments as to why he should be allowed to waive his jury trial. We, however, do not agree with them. To begin with, G. L. c. 263, § 6, requires a jury trial in a "capital case." The defendant leans heavily on his assertion that in the absence of a death penalty there are no longer capital cases in Massachusetts. In so stating, he makes reference to *Commonwealth* v. *Millen,* 289 Mass. 441 (1935), and *Commonwealth* v. *Smith,* 357 Mass. 168 (1970), which reaffirmed the *Millen* case. The *Smith* case stated at 175, "Our law provides for no form of trial in a capital case, whether the defendants choose to waive their constitutional right to jury trial or not, except trial by jury. . . .," quoting from *Commonwealth* v. *Millen, supra* at 465. In an earlier day, *Commonwealth* v. *Ibrahim,* 184 Mass. 255, 258 (1903), had stated, "A capital crime is one punishable with the death of the offender." However, the Legislature has in G. L. c. 278, § 33E, as amended through St. 1974, c. 457, defined a "capital case" for purposes of review by the Supreme Judicial Court to be one "in which the defendant was tried on an indictment for murder in the first degree and was convicted of murder either in the first or second degree." This section illustrates the special care with which the Legislature has approached these most serious criminal cases. Expanded review by the Supreme Judicial Court is not limited to cases in which a death sentence has been imposed, but extends to convictions of murder in the first or second degree on an indictment charging murder in the first degree. We believe that the prohibition on waiver of jury trial in capital cases (c. 263, § 6) reflects the same legislative concern with safeguards as does § 33E. It is thus our view that the § 33E definition of "capital case" governs the meaning of that

phrase in c. 263, § 6, at issue here.[1] Further, we do not believe that *Commonwealth* v. *O'Neal,* 367 Mass. 440 (1975), since it deals only with the constitutionality of the death penalty, forecloses the issue whether "capital cases" may still exist in Massachusetts. See *Gregg* v. *Georgia,* 428 U.S. 153 (1976), and affiliated cases. We conclude that the Legislature has classified that type of crime in which a jury waiver may not be accepted, and we are not disposed to engage in a reform of G. L. c. 263, § 6, along the lines which the defendant seeks. Any change in this conclusion must await action by the Legislature.

The defendant's motion to be permitted to waive trial by jury was correctly denied.

*So ordered.*