JESSE A. DOYON, JR. *vs.* PROVIDENCE AND WORCESTER
RAILROAD COMPANY.

No. 89-P-1245.

Worcester. February 12, 1991. - January 7, 1992.

Present: DREBEN, JACOBS, & GREENBERG, JJ.

*Jury and Jurors. Practice, Civil,* Jury trial, Verdict, Instructions to jury.
*Negligence,* Railroad, Comparative.

In a civil action, a jury of thirteen may, by agreement of the parties, prop-
erly render a verdict, in compliance with the five-sixths rule of G. L. c.
234, § 34A, and the provisions of G. L. c. 234, § 26B, raise no jurisdic-
tional barrier to the receipt of such a verdict. [753-754]
In a civil action, error, if any, was harmless in the receipt of a verdict by a
panel of thirteen jurors, and the record did not demonstrate that the
decision of the thirteen jurors was inconsistent with substantial justice.
[754-755]
At the trial of a civil action, where the issue whether the defendant rail-
road failed to avoid injuring the plaintiff (whose parked truck was
struck by a train at a railroad crossing) was fully tried and a verdict
returned for the defendant, error, if any, in the judge's refusal to in-
struct the jury on the doctrine of last clear chance under the law of
Rhode Island, was harmless. [755-756]

CIVIL ACTION commenced in the Superior Court Depart-
ment on February 20, 1987.

The case was tried before *James P. Donohue,* J., and a
motion for a new trial was considered by him.

*James F. Freeley, Jr.,* for the plaintiff.
*Howard E. Walker* of Rhode Island for the defendant.

JACOBS, J. The plaintiff's principal argument is that the
Superior Court judge erred by permitting a jury of thirteen
persons to deliberate and return a verdict. Contrary to the
general rule, see *Trustees of Stigmatine Fathers, Inc.* v. *Sec-
retary of Admn. & Fin.,* 369 Mass. 562, 565 (1976), we con-
sider this issue, although not raised below, because of the ju-

risdictional gloss which the plaintiff has given his argument and also because we find no reported decision which addresses the common practice in the Superior Court of permitting, with the agreement of the parties, all impanelled jurors to decide civil cases. There was no error.

By authority of G. L. c. 234, § 26B,[1] fourteen jurors were impanelled at the start of the trial of the plaintiff's negligence claim. One juror was excused when the parties rested. The remaining thirteen jurors, after receiving the judge's instructions, which included a reference to a jury verdict by a count of "11-to-2, 12-to-1, 13-to-all," deliberated and returned a special verdict by which they found that the defendant had not been negligent.[2] The record discloses no objection or discussion with respect to this instruction or to the number of deliberating and deciding jurors before the jury retired to deliberate. The plaintiff, without intimating that a timely objection was raised, suggests in his brief that jury composition was the subject of an off-the-record conference.[3] In the circumstances, we treat the absence of objection as tantamount to agreement.[4] See *Amado* v. *Commonwealth*,

---

[1]General Laws c. 234, § 26B, as amended through St. 1979, c. 344, § 9A, states in pertinent part: "In a civil or criminal case, including a capital case, to be tried with a jury in the Superior Court, which trial, in the opinion of the court, is likely to be protracted, the court may order impanelled a jury of not more than sixteen members and the court shall have jurisdiction to try the case with such jury subject to the following provisions of this section. If at the time of the final submission of the case by the court to the jury more than twelve members of the jury who have heard the whole case are alive and not incapacitated or disqualified, the court shall direct the clerk to place the names of all of the remaining jurors, except the foreman, in a box and draw the names of a sufficient number to reduce the jury to twelve members. . . . The court shall have jurisdiction to receive the verdict of the jury constituted under the provisions of this section and shall have jurisdiction to render judgment in said case."

[2]The plaintiff attempts to make something of the judge's instruction that the verdict be "by *two-thirds* of all the deliberating jurors." The instruction as a whole, together with the clerk's inquiry when the verdict was returned as to whether the verdict was of eleven or more of the jurors, certainly cured the misstatement.

[3]We strongly urge trial judges to make certain that any discussion or agreement as to jury composition is clearly recorded.

[4]In criminal cases, allowing alternate jurors into the jury room during deliberations is proscribed by Mass.R.Crim.P. 20(d)(2), 378 Mass. 891

349 Mass. 716, 722 (1965); *Spence* v. *Reeder*, 382 Mass. 398, 411-412 (1981).

The plaintiff claims that the mandatory provisions of G. L. c. 234, § 26B, raise a jurisdictional barrier to the receipt of a verdict from a jury of more than twelve persons in a civil action. That argument misperceives the purpose and function of § 26B, which is "designed to accommodate the public's interest in avoiding a second 'long and expensive trial' while protecting the . . . right to a trial by jury." *Commonwealth* v. *Haywood*, 377 Mass. 755, 768 (1979), quoting from *Commonwealth* v. *Bellino*, 320 Mass. 635, 642 (1947). The statute establishes a reasonable and economical mechanism for dealing with the death or incapacity of an impanelled juror. *Commonwealth* v. *Bellino, supra* at 642. While the anomalous references to "jurisdiction" in § 26B might be read as buttressing the court's established authority to receive the verdict of a twelve-member jury, they cannot reasonably be construed as speaking to the validity of a verdict of a lesser or greater number in a civil trial.[5] That a jury of twelve is not a jurisdictional requirement in civil trials is evident in the statutory leeway given to proceeding with as few as ten jurors in the absence of agreement and with any lesser number if the parties agree. See G. L. c. 234, § 34B.

Trial by a jury of twelve is not constitutionally mandated. *Williams* v. *Florida*, 399 U.S. 78, 86-103 (1970). *Opinions of the Justices*, 360 Mass. 877, 879 (1971). Article 15 of the

---

(1979), and constitutes reversible error, notwithstanding the agreement of counsel. *Commonwealth* v. *Smith*, 403 Mass. 489 (1988).

[5]Early versions of the first enactment of G. L. c. 234, § 26B (St. 1945, c. 428), in the form of bills of legislative committees replicated legislation proposed in a segment of the Twentieth Report of the Judicial Council of Massachusetts (Pub. Doc. No. 144) (1944) entitled "Emergency Jurors and Waiver of Full Jury in Criminal Cases." The report expressed a need to "give the Superior Court jurisdiction" to continue a trial in the event of the death or other incapacity of a juror. *Id.* at 7. The proposed legislation and the first committee bills contained references to "jurisdiction" in sections dealing with *criminal trials*. They also contained a separate section dealing with impanellment of more than twelve jurors in civil trials which made no reference to "jurisdiction." *Id.* at 13. Later versions combined in one section provision for impanellment of more than twelve jurors in both criminal and civil trials and retained the references to jurisdiction.

Massachusetts Declaration of Rights, while guaranteeing
trial by jury in certain civil cases, does not prescribe the
number of jurors. " '[T]he fact that the jury at common law
was composed of precisely 12 is *a historical accident, unnec-
essary to effect the purposes of the jury system* and wholly
without significance . . . .' " *Opinions of the Justices, supra*
at 879, quoting from and supplying emphasis to *Williams* v.
*Florida*, 399 U.S. at 102.

As part of its inherent authority, the Superior Court "has
wide power to do justice and to adopt procedure to that end."
*Fanciullo* v. *B.G. & S. Theatre Corp.*, 297 Mass. 44, 51
(1937). See *Boyajian* v. *Hart*, 312 Mass. 264, 266 (1942).
"Short of impairment of the vital elements of the jury . . .,
there is no constitutional obstacle to its regulation and modi-
fication in the light of changed conditions or perceptions, or
to the abandonment of older modes, or to the introduction of
new ones." *Freeman* v. *Wood*, 379 Mass. 777, 779-780
(1980). "[W]hat matters is whether [an adopted] procedure
strikes at the fundamentals of the jury . . . ." *Id.* at 781.
Concern for the avoidance of mistrials in protracted cases
frequently results in more than twelve jurors participating in
civil trials in the Superior Court. Given the five-sixths rule of
G. L. c. 234, § 34A,[6] a jury of thirteen can participate in the
decisional process without altering significantly the mathe-
matics or substance of any party's statutory burden of per-
suasion. It is not unreasonable, therefore, for a judge, with
the agreement of the parties, to permit all thirteen jurors
who have heard a civil case to decide it. No jury fundamen-
tals are undermined by such practice.

Even were we to conclude that the agreement of the par-
ties in a civil case was insufficient to relieve the court of the
§ 26B directive to reduce the jury to twelve members, we
would be disinclined to apply a per se rule of reversal.[7] The

---

[6]General Laws c. 234, § 34A, as inserted by St. 1972, c. 460, states: "In
any civil action the jury shall be instructed that the agreement of five
sixths of its members shall be sufficient to render any special or general
verdict."

[7]We find no Massachusetts decision on the issue. Federal courts have
both applied and rejected a per se rule of reversal. *Kuykendall* v. *Southern*

harmless error standard of Mass.R.Civ.P. 61, 365 Mass. 829 (1974), is sufficient to test the validity of the verdict rendered, and nothing before us indicates that the decision by thirteen jurors in this case was inconsistent with substantial justice.

We briefly touch on the plaintiff's other claims of error.

The collision that gave rise to the plaintiff's claim occurred in Rhode Island in 1984, and, with the acquiescence of the parties, the substantive law of that State was applied throughout the trial. The plaintiff claims that the judge erred by refusing his request that the jury be instructed on the doctrine of last clear chance. Assuming, for the purposes of this decision, the continued vitality of that doctrine after the enactment of Rhode Island's comparative negligence statute,[8] we hold the refusal to instruct was not error.

The plaintiff was injured when his parked truck was struck by the defendant's train at a railroad crossing. Basic among the issues addressed and argued at trial was whether the defendant's employees negligently failed to stop the train once they knew, or should have known, that the plaintiff's truck was "fouling" the track.

The last clear chance doctrine as enunciated in the case law of Rhode Island generally is applicable to a defendant who fails to exercise due care to prevent an avoidable injury to a plaintiff at a time when the defendant is aware or charged with awareness of the plaintiff's having negligently

---

*Ry.*, 652 F.2d 391, 393 (4th Cir. 1981) (per se reversal). *Hanson* v. *Parkside Surgery Center*, 872 F.2d 745, 749 (6th Cir. 1989) (no per se reversal). See *DeBenedetto* v. *Goodyear Tire & Rubber Co.*, 754 F.2d 512, 515 (4th Cir. 1985) (the failure to object to an oversized jury was construed as satisfying the "clearly recorded" portion of the *Kuykendall* holding that departure from authorized jury sizes was permitted only "by a written stipulation or one clearly recorded").

[8]Rhode Island adopted a comparative negligence statute in 1971. Rhode Island Gen. Laws § 9-20-4 (1985). There is division among the jurisdictions which have considered the question whether the doctrine of last clear chance survives the enactment of comparative negligence statutes. See Annot., Modern Development of Comparative Negligence Doctrine Having Applicability to Negligence Actions Generally, 78 A.L.R.3d 339, § 15 at 386 (1977 & Supp. 1991). We find no Rhode Island decision on the issue.

placed himself in a position of peril which he does not comprehend or from which he is unable to extricate himself. *New England Pretzel Co.* v. *Palmer,* 75 R.I. 387, 391 (1949). The fundamental principle of that doctrine is that the negligence of the defendant is not excused by the negligence of the plaintiff if the defendant had the last opportunity to avoid the injury. *Malfetano* v. *United Elec. Ry.,* 58 R.I. 129, 141 (1937). *Major* v. *Grieg,* 102 R.I. 379, 388 (1967).

Where, as here, the issue whether the defendant negligently failed to avoid injuring the plaintiff was fully tried, and a jury specifically found the defendant not negligent, the doctrine of last clear chance is irrelevant. The linchpin of the doctrine is proof of negligence on the part of the defendant. *Goodman* v. *New York, N.H. & H.R.R.,* 84 R.I. 240, 244-245 (1956). The jury verdict renders harmless any failure to instruct on last clear chance.

We decline to review other claimed errors in the judge's instructions to which objections were not taken. Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974). See *Rice* v. *James Hanrahan & Sons,* 20 Mass. App. Ct. 701, 712 (1985).

*Judgment affirmed.*