DANIEL A. JAMGOCHIAN vs. PETER P. DIERKER & another[1]
(and a companion case[2]).

Barnstable. April 8, 1997. - July 24, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, & FRIED, JJ.

*Jury and Jurors. Practice, Civil,* Verdict, Jury trial, Waiver, New trial.
*Constitutional Law,* Trial by jury. *Waiver. Jurisdiction,* Superior Court.

The requirement of G. L. c. 234, § 34A, that in any civil action the agreement
of five-sixths of a jury's members is necessary to render a verdict, is not a
jurisdictional prerequisite to the acceptance of a proper verdict and that
requirement may be waived: in circumstances in which plaintiffs did not
object at trial, or raise the issue on a motion for new trial, with regard to
the judge's instruction to the jury that the agreement of eleven of the
fourteen jurors was necessary to render a verdict, which was mathemati-
cally incorrect, the issue of the validity of the verdicts was deemed waived.
[567-571]
In a civil action, the judge did not abuse his discretion in denying plaintiffs'
motion for a new trial sought on the ground that the verdicts were against
the weight of the evidence. [571]

CIVIL ACTIONS commenced in the Superior Court Department
on August 28, 1991, and February 20, 1992, respectively.

The cases were tried before *Richard F. Connon,* J., and a mo-
tion for a new trial was heard by him.

The Supreme Judicial Court granted an application for direct
appellate review.

*Daniel J. Johnedis* for the plaintiffs.

*Ann O'Malley* (*Mary H. Harvey* with her) for Peter P. Dierker.

*Mark A. Giarrusso* (*James K. Kaufmann* with him) for Clark
& White Rental, Inc.

LYNCH, J. These consolidated tort actions arise from a two-
vehicle automobile accident which the plaintiffs claim was
caused by the negligence of Peter P. Dierker. In response to
special questions, a jury composed of fourteen jurors decided

[1]Clark & White Rental, Inc.

[2]Gail L. Restivo vs. Peter P. Dierker & another.

that Dierker was not negligent. Judgments were entered for the defendants. The judge denied the plaintiffs' joint motion for judgments notwithstanding the verdict or, in the alternative, for a new trial on the ground that the verdicts were against the weight of the evidence. The plaintiffs appealed from the judgments and the order denying their joint motion, contending that the judge lacked jurisdiction to accept a verdict rendered by eleven of the fourteen jurors. We allowed an application for direct appellate review. We affirm.

*Facts.* On March 12, 1989, Gail Restivo was a passenger in Daniel Jamgochian's automobile. Both had gone to dinner at a restaurant, and Jamgochian was driving Restivo to her home. Due to heavy snow and treacherous weather conditions, the driving was difficult. Jamgochian estimated his speed at twenty to twenty-five miles per hour. The defendant, Peter Dierker, an employee of Clark & White Rental, Inc., had been visiting his brother and was driving his father home in an automobile owned by and registered to Clark & White. Dierker came over the crest of a hill approaching a bridge when his vehicle began to spin. The automobile skidded across the road and into Jamgochian's automobile, which had been traveling in the opposite direction but had been pulled to the side of the road when Jamgochian saw Dierker lose control of his automobile. Dierker did not see any ice on the road, but assumed that his automobile had slipped on some ice. He testified that he had not applied the brakes nor made any unusual moves which would have caused the automobile to go out of control, although he did attempt to brake before he hit the plaintiffs' automobile. Dierker and his father estimated Dierker's driving speed at thirty-five miles per hour while the plaintiffs placed it at fifty to sixty miles per hour. Both plaintiffs were taken to a hospital where they were treated and released within a few hours.

At the conclusion of the trial, the judge told the jury, including two alternates: "Counsel have agreed that all [fourteen] will deliberate." He instructed them, "[e]leven out of the [fourteen] of you must agree," just as he had previously indicated to counsel in a side bar conference. When the jurors finished their deliberations, the judge inquired, "have at least [eleven] out of [fourteen] of your members agreed upon the answers to the questions submitted to you by the court?" The foreperson

responded affirmatively.[3] Once the jury's answers were read, the judge again asked whether at least eleven of the fourteen had agreed that there was no negligence on the part of Dierker. He received the same affirmative response.

On appeal, the plaintiffs argue that the jury's verdicts were invalid because the judge had no authority to allow a decision by less than five-sixths, or twelve, of the fourteen jurors. In the alternative, the plaintiffs contend that the judge abused his discretion in denying their motion for a new trial, arguing that the jury's answers to the special questions were "inconsistent with substantial justice."

*Discussion.* The plaintiffs rely on G. L. c. 234, § 34A, for the proposition that the jury's verdicts were insufficient and therefore void. The statute provides: "In any civil action the jury shall be instructed that the agreement of five sixths of its members shall be sufficient to render any special or general verdict." As a mathematical matter, five-sixths of a jury made up of fourteen members is twelve and not eleven. See *Latino* v. *Crane Rental Co.*, 417 Mass. 426, 428 n.1 (1994). Despite the fact that the plaintiffs asserted no objection at trial to the judge's instructions that agreement of eleven of the fourteen was necessary to render a verdict, did not raise this issue in their motion for a new trial, and, by their own admission, may even be "deemed to have acquiesced" on this matter, the plaintiffs insist this issue is properly before the court because it involves a question of jurisdiction regarding the authority of the Superior Court to accept a verdict rendered by less than five-sixths of the jury.

Due to the "jurisdictional gloss," see *Doyon* v. *Providence & Worcester R.R.*, 31 Mass. App. Ct. 751, 751-753 (1992), which the plaintiffs have attached to their argument and the novel question it raises, we consider this issue despite the fact that it was not raised below. An issue of jurisdiction "must be decided, regardless of the point at which it is first raised." *Litton Business Sys., Inc.* v. *Commissioner of Revenue*, 383 Mass. 619, 622 (1981). See *Boston* v. *Massachusetts Port Auth.*, 364 Mass. 639, 645 (1974). When jurisdiction is lacking, it "cannot be conferred by consent, conduct or waiver." *Litton Business Sys., Inc.* v. *Commissioner of Revenue, supra,* citing *Second Bank-State St. Trust Co.* v. *Linsley*, 341 Mass. 113, 116 (1960).

---

[3]We note that it is entirely possible that more than eleven jurors joined the verdicts reported by the jury foreperson.

Therefore, if the five-sixths requirement is indeed a jurisdictional prerequisite, the plaintiffs' failure to raise an objection at trial is no bar to the assertion of their present claim. Obviously the converse is also true — that if the requirement is not jurisdictional, it can be waived or modified by consent unless the waiver or modification is prohibited by statute or rule.

The right to a jury trial is firmly rooted in both the Federal and our State Constitutions. See Sixth and Seventh Amendments to the United States Constitution; arts. 12 and 15 of the Declaration of Rights of the Massachusetts Constitution.[4] The provisions of G. L. c. 234, § 34A, that a verdict by five-sixths of the jurors shall be sufficient, has no constitutional heritage. Neither the Federal nor State Constitution mandates the number of individuals who shall serve on a jury. See *Williams* v. *Florida*, 399 U.S. 78, 86 (1970) (twelve-person panel is not necessary component of "trial by jury" in criminal case); *Opinions of the Justices*, 360 Mass. 877 (1971) (jury of six would not violate constitutional imperatives); *Gallo* v. *Commonwealth*, 343 Mass. 397, 399 (1961) (criminal defendant could waive right to be tried by full jury); *Doyon* v. *Providence & Worcester R.R.*, *supra* at 753-754 (no constitutional violation in allowing jury of thirteen to decide case). The Federal Constitution does not require a specific percentage of juror concurrence to render a valid decision in State proceedings, even in criminal trials. See *Johnson* v. *Louisiana*, 406 U.S. 356, 364 (1972); *Apodaca* v. *Oregon*, 406 U.S. 404, 406 (1972). We see nothing in our State Constitution that requires a different rule.

The Legislature has plenary power to create courts, Part II, c. 1, § 1, art. 3, of the Massachusetts Constitution; *Keenan, petitioner*, 310 Mass. 166, 179 (1941); *Opinion of the Justices*, 271 Mass. 575, 579 (1930), has "broad power" to determine the jurisdiction of such courts, *Keenan, petitioner*, *supra* at 181, and has used its authority to establish statutory standards for conducting a jury trial. This power does not support the plaintiffs' implicit assumption that all statutory matters involving juries are thereby jurisdictional in nature. In the appeal of a noncapital criminal case in which a juror had to be excused due

---

[4] The Seventh Amendment to the United States Constitution does not apply to a State civil trial. *Dalis* v. *Buyer Advertising, Inc.*, 418 Mass. 220, 223 n.4 (1994).

to illness, we reviewed G. L. c. 234, § 26A,[5] which allowed a defendant to waive his right to be tried by a full jury of twelve by signing a written waiver. The statute stated that, when this procedure was followed, "the court shall have jurisdiction of such case with the remaining members of the jury and may render judgment thereon." *Gallo* v. *Commonwealth, supra.* This court held that the statute "provide[d] a procedural safeguard," and was not necessary to cure a "lapse of jurisdiction," determining that "the words, 'in every such case the court shall have jurisdiction,' were included in an abundance of caution."[6] *Id.* at 401-402. See *Doyon* v. *Providence & Worcester R.R., supra* at 753 ("anomalous references to 'jurisdiction' in § 26B . . . cannot reasonably be construed as speaking to the validity of a verdict of a lesser or greater number in a civil trial"). Moreover, while it is an established principle that parties cannot waive a court's lack of jurisdiction, our statutes allow parties to alter aspects of the jury trial, see, e.g., G. L. c. 234, § 34B (parties to civil case may agree to proceed with less than ten jurors on panel); *Doyon* v. *Providence & Worcester R.R., supra* ("jury of twelve is not a jurisdictional requirement in civil trials"), and individuals may even waive this right altogether. See, e.g., G. L. c. 263, § 6 (waiver of jury in noncapital criminal matter); Mass. R. Civ. P. 38 (d), 365 Mass. 801 (1974) (waiver in civil case by failure to make timely demand); *Mugnano-Bornstein* v. *Crowell,* 42 Mass. App. Ct. 347, 353 (1997) (waiver by contract).

Throughout our decisions, our overriding concern has been the effectuation of the purposes underlying this important

[5]This statute was repealed by St. 1979, c. 344, § 9.

[6]Unlike *Gallo* v. *Commonwealth,* 343 Mass. 397 (1961), this case involves a civil matter and does not compel the same level of protection necessitated in a criminal prosecution which "is hedged about with presumptions and procedural safeguards that heavily weight the risk of error in favor of the accused," *Commonwealth* v. *Amirault,* 424 Mass. 618, 636 (1997), in response to the "awesome and devastating" condemnation and potential loss of liberty the accused faces when subjected to State prosecution. Were G. L. c. 234, § 34A, a statutory protection established for criminal prosecutions, we would interpret its provisions more strictly. See, e.g., *Commonwealth* v. *Pavao,* 423 Mass. 798 (1996) (failure of judge to conduct colloquy with defendant regarding his waiver of jury trial necessitated reversal); *Commonwealth* v. *O'Brien,* 371 Mass. 605, 607 (1976) (defendant cannot waive jury in capital case); *Commonwealth* v. *Smith,* 357 Mass. 168, 174-175 (1970) (Superior Court has no jurisdiction to try capital cases without jury); *Gallo* v. *Commonwealth, supra* at 402 (failure to obtain written notice that defendant agreed to be tried by eleven jurors required reversal).

constitutional right. In criminal trials, the right to a jury is meant "to prevent oppression by the Government." *Duncan* v. *Louisiana*, 391 U.S. 145, 155 (1968).

> "The substance of the right to be tried by jury consists of those elements in that method of trial which tend to protect the citizen against arbitrary power and to ensure to him that issues of fact shall be determined by the composite judgment of a fairly numerous and representative body of impartial residents."

*Opinions of the Justices*, 360 Mass. 877, 883-884 (1971), quoting *Commonwealth* v. *Bellino*, 320 Mass. 635, 639, cert. denied, 330 U.S. 832 (1947). In the civil context, the right to a jury ensures a plaintiff that his case will be evaluated by an impartial panel of fact finders who "bring to a case their common sense and community values." *Dalis* v. *Buyer Advertising, Inc.*, 418 Mass. 220, 222 (1994), quoting *Parklane Hosiery Co.* v. *Shore*, 439 U.S. 322, 355 (1979) (Rehnquist, J., dissenting). When evaluating a practice which affects the operation of this right, "what matters is whether [the] procedure strikes at the fundamentals of the jury." *Freeman* v. *Wood*, 379 Mass. 777, 781 (1980). "The right to jury trial is a right of substance and not right to form." Twentieth Report of the Judicial Council (1944), Pub. Doc. No. 144, at 12, reprinted in 29 Mass. L.Q. (No. 4, 1944). Statutes such as G. L. c. 234, § 26B, which provides for the empanelment and use of alternative jurors in protracted cases, and G. L. c. 234, § 34B, which allows civil litigants to proceed with less than ten jurors, were "designed to accommodate the public's interest in avoiding a second 'long and expensive trial' while protecting the . . . right to a trial by jury." *Commonwealth* v. *Haywood*, 377 Mass. 755, 768 (1979), quoting *Commonwealth* v. *Bellino, supra* at 642. As noted above, the statutory framework permits a jury waiver in all trials except those involving capital crimes. In a case of juror impairment the statute would permit parties to proceed with six jurors so the agreement of five jurors would determine the outcome. With these provisions in mind we can see no reason why the Legislature would intend that the parties could not waive the five-sixths requirement in these circumstances when at least eleven jurors have determined the outcome. Both plaintiffs participated in a trial lasting five days in which they were able to argue their case fully. While we certainly do not

encourage courts to depart from the five-sixths requirement of G. L. c. 234, § 34A, the slight deviation from this standard did not impinge on the plaintiffs' right to a jury trial nor did it rise to jurisdictional proportions requiring a new trial. Despite several opportunities to object to the judge's instructions or to correct his mathematical error, the plaintiffs failed to do so and "[i]n the circumstances, we treat the absence of objection as tantamount to agreement." *Doyon* v. *Providence & Worcester R.R.*, *supra* at 752. See *Spence* v. *Reeder*, 382 Mass. 398, 412 (1981); *Amado* v. *Commonwealth*, 349 Mass. 716, 722 (1965).

*Sufficiency of the evidence.* The plaintiffs' contention that the jury's verdicts went "against the weight of the evidence and resulted from the jury's misunderstanding of the law" requires little comment. The plaintiffs cite no incidents to support their suggestion that the jury were confused except to state that "it [was] surprising that the jury found against the plaintiffs." The plaintiffs admit that they made no objection to the closing arguments, nor did they request any clarification from the judge. Nonetheless, they ask us to review these items, on the ground that the verdicts are "inconsistent with substantial justice." *Michnik-Zilberman* v. *Gordon's Liquor, Inc.*, 390 Mass. 6, 9 (1983).

The decision to deny or to grant a new trial based on the weight of the evidence rests in the discretion of the trial judge, *Robertson* v. *Gaston Snow & Ely Bartlett*, 404 Mass. 515, 520, cert. denied, 493 U.S. 894 (1989), who is instructed to set aside a verdict if "in his judgment it is so greatly against the weight of the evidence [to suggest] that it was the product of bias, misapprehension or prejudice." *Scannell* v. *Boston Elevated Ry.*, 208 Mass. 513, 514 (1911). The fact that the jury *could have* found for the plaintiffs does not make their verdicts against the weight of the evidence or inconsistent with substantial justice, and we conclude that the judge did not abuse his discretion in denying plaintiffs' motion for a new trial.

*Judgments affirmed.*