The plaintiff, the daughter and executrix of the estate of the Roland J. Dymon, filed an action in the Superior Court alleging negligence against the defendant, Matthew J. Kane,[4] who was Dymon's primary care physician. Following an eight-day trial, a jury returned a verdict in favor of the defendants and judgment entered accordingly. The plaintiff filed a motion for new trial, which the trial judge denied in a written memorandum and decision. The plaintiff now appeals from the judgment and the order denying the motion for a new trial, claiming that the jury verdict was based on improperly proffered evidence, and was "markedly against the overwhelming, undisputed evidence." We affirm.
Background. The case centered on the plaintiff's claim that the defendants' negligent care and treatment of Dymon resulted in Dymon's death. More specifically, the plaintiff alleged that Kane
"substantially contributed to cause or failed to prevent Dymon's death from statin-induced rhabdomyolysis on July 13, 2008 ... which was caused by a combination of medications prescribed by Kane and by his failure to diagnose, monitor, and follow Dymon's blood test results, conditions, and symptoms from March 31, 2008 through July 1, 2008."
The evidence at trial included the admission of several exhibits and comprehensive expert testimony proffered and challenged by both parties. The parties are intimately familiar with the facts of the case, which need not be repeated here.
Discussion. The primary issue raised on appeal concerns the allegation that the jury were misled by the defendants' interjection of a fact not in evidence, particularly in the context of the defendants' cross-examination of the plaintiff's expert witness. On cross-examination, the expert was asked to assume that a follow-up to Dymon's March 31, 2008, appointment had been scheduled for April 16, 2008. He was then asked whether that would have been an "appropriate interval" for a follow-up on Dymon's March 31 lab work.[5] The plaintiff objected to the line of questioning, but the judge permitted it de bene.[6]
In the motion for new trial, the plaintiff asserted that the defense misled the jury by "repeatedly pretend[ing]" that the April 16 appointment was scheduled as "an early follow up" to the March 31 appointment, and that it was cancelled by Dymon. The judge disagreed. In her order denying the motion for new trial,[7] she pointed to evidence, including a computer "screenshot" and testimony from the defendants' receptionist, which reflected that the April 16 appointment was "scheduled to occur and was cancelled by Mr. Dym[o]n or someone on his behalf."[8]
On appeal, the plaintiff avers that the April 16 appointment was booked on February 1, that it was only later cancelled because Dymon had moved the appointment up to March 31 as a result of his deteriorating condition, and that the unrebutted evidence at trial supported this explanation. Thus, she contends that the judge erred in denying the motion for new trial, because no reasonable jury could have found that the April 16 appointment was a "follow up" cancelled by Dymon or someone on his behalf.
The decision on a motion for a new trial in a civil case "rests in the discretion of the trial judge, ... who is instructed to set aside a verdict if 'in [her] judgment it is so greatly against the weight of the evidence [to suggest] that it was the product of bias, misapprehension or prejudice.' " Jamgochian v. Dierker, 425 Mass. 565, 571 (1997), quoting from Scannell v. Boston Elevated Ry., 208 Mass. 513, 514 (1911). For the reasons stated below, the judge did not abuse her discretion in denying the motion for new trial.
We first note that the plaintiff did not move to strike the testimony that had been admitted de bene. See note 5, supra. Accordingly, that evidence was admitted for substantive purposes and was fair game for the jury to consider, and any evidentiary basis for the objection was waived. See Wilborg v. Denzell, 359 Mass. 279, 283 (1971).
Second, even assuming that the issue was properly preserved, the judge did not abuse her discretion in denying the motion. The receptionist's testimony and the screenshot provided evidence that supported the judge's finding that an appointment had been made and cancelled by Dymon or someone acting on his behalf. Moreover, even further assuming that the evidence would not support such a finding, we still discern no abuse of discretion because any risk of jury confusion on this point was thoroughly mitigated. The plaintiff's expert witness unequivocally rejected the premise to defense counsel's questions that are now challenged on appeal. Indeed, the expert witness's answers clarified for the jury that there was no evidence that any follow-up appointment (and any proposed treatment at such appointment) had ever been part of the defendants' treatment plan for Dymon. See note 5, supra. Furthermore, the plaintiff's effective cross-examination of the receptionist and effective closing argument explained the dates on which the appointments had been made, and clarified that the existence or nonexistence of any follow-up appointment was not a material issue at trial. As a result, the judge properly denied the motion for new trial.[9] ,[10]
Judgment affirmed.
Order denying motion for new trial affirmed.

Kane was an employee and shareholder of MWA. Kane and MWA are collectively referred to as the defendants herein.

This question was relevant because the expert had earlier testified that Kane breached the standard of care, in part, because he failed to follow up on important aspects of Dymon's March 31 lab work prior to an appointment on July 1, 2008.

The relevant portion of the cross-examination proceeded as follows:
Defense counsel : "If I represented to you that Mr. Dymon was scheduled to come in on 4/16/2008 to follow up on his 3/31/08 testing, would that be an appropriate interval?"
Plaintiff's counsel : "Same objection."
The court : "I'll allow it in de bene."
Plaintiff's counsel : "Could you explain what de bene means?"
The court : "It means, ladies and gentlemen, if that fact does not turn out to be shown to you, then you will disregard the answer. Okay. So it's based on the representation and suggestion to the witness as [defense counsel] mentioned of the April 16th-"
The witness : "And this is-I've never-I saw-where is this from. It's not in Dr. Kane's plan."
The court : "Hold on a second. ... Pose the question to the witness again."
Defense counsel : "I'm asking you to assume that there was a scheduled appointment for Mr. Dymon on 4/16/2008 with Dr. Kane at .... And if there was a scheduled appointment on 4/16 ... for Mr. Dymon with Dr. Kane, to follow up on the 3/31/08 tests, would that be an appropriate interval?"
Plaintiff's counsel : "Just to repeat the objection."
The court : "Okay."
The witness : "If assuming that is true, and there's no evidence of that in the plan from the doctor's own note, but I will give you the benefit of the doubt and assume that it's true, then that would be appropriate, but I have no idea where-there's no note in the chart anywhere saying that anyone's doing that."
"...
Defense counsel : "And if there was a plan to do H1C testing on 4/16/2008, would that be appropriate follow-up after the 3/31 level?"
Plaintiff's counsel : "Objection, based on no facts in evidence."
The court : "De bene."
The witness : "If that actually is true, then that would be appropriate, but I've-there's no evidence in the record that that was part of anyone's plan."

As already noted, the judge who decided the motion for new trial was also the trial judge.

The screenshot was marked as an exhibit at trial. The receptionist testified to the content of the screenshot.

We disagree with the plaintiff's claim that the verdict was "markedly against the overwhelming, undisputed evidence." The evidence at trial was contested, as indicated by the diverging conclusions of the various experts.

Other points that the parties argued, but we have not discussed in this decision, have not been overlooked. "We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).