MARY SCANNELL *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   March 16, 17, 1911. — April 4, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Practice, Civil*, New trial.

It is the right and duty of a judge presiding at the trial of a civil case to set aside the verdict of the jury when in his judgment it is so greatly against the weight of the evidence as to induce in his mind the strong belief that it was not due to a careful consideration of the evidence but was the product of bias, misapprehension or prejudice, and the exercise of such discretion by the judge who presided at the trial of an action of tort by a woman against a street railway company for injuries, received while the plaintiff was alighting from a car of the defendant and alleged to have been caused by an unwarranted starting of the car, where the plaintiff was the only witness as to the happening of the accident and her story seemed to the judge so improbable and absurd that it could not command the credence of any right minded men, cannot be revised by this court.

TORT for personal injuries alleged to have been caused by the starting of an electric street car of the defendant as the plaintiff was in the act of alighting.  Writ dated January 11, 1908.

In the Superior Court the case was tried before *Harris*, J. The plaintiff was the only witness who testified in regard to the accident.  She testified that, in the act of attempting to alight, " she put her right foot on the step, and was about to put her left foot on the ground, having hold of the rear grab handle with her right hand, her left foot touching or almost touching the ground, when the conductor started the car forward, twisting her around, but not throwing her to the ground, thereby spraining her left ankle, tearing the ligaments, and fracturing the astragalus."  Physicians testified that the accident as described by the plaintiff would be a sufficient cause for the injuries she complained of.

There was a verdict of $1,100 for the plaintiff.  The defendant moved for a new trial on the grounds that the verdict was against the evidence, that the verdict was against the weight of the evidence, and that the damages awarded were excessive.  At a hearing on the motion after a partial review of the evidence, the judge said his only difficulty with the case was that he could not understand why the plaintiff was not thrown to the ground, if the accident happened as the plaintiff testified that it did. He therefore allowed the motion for a new trial, set the verdict aside and ordered a new trial.  The plaintiff alleged exceptions.

*T. J. Ahern*, (*J. L. Keogh* with him,) for the plaintiff.

*E. P. Saltonstall & C. W. Blood*, for the defendant, were not called upon.

SHELDON, J.  It is the right and duty of a judge presiding at the trial of a civil case to set aside the verdict of the jury when in his judgment it is so greatly against the weight of the evidence as to induce in his mind the strong belief that it was not due to a careful consideration of the evidence, but that it was the product of bias, misapprehension or prejudice.  R. L. c. 173, § 112.  *Aiken* v. *Holyoke Street Railway*, 180 Mass. 8, 11, 12. In the case at bar, the plaintiff herself was the only witness who testified to the happening of the accident by which she claimed to have been injured.  If under the circumstances her story seemed to the judge to be so improbable and absurd that

it could not command the credence of any right minded men, he had the right in the exercise of his judicial discretion to set aside the verdict in her favor. We cannot revise the exercise of his discretion. *Parker* v. *Griffith*, 172 Mass. 87, 88. *Hayward* v. *Langmaid*, 181 Mass. 426, 427. *Greene* v. *Farlow*, 138 Mass. 146, 147. *Welsh* v. *Milton Water Co.* 200 Mass. 409, 411. *Loveland* v. *Rand*, 200 Mass. 142.

*Exceptions overruled.*