[No. 4088-1.   Division One.   November 29, 1976.]

SAMUEL AMBURGY, ET AL, *Appellants*, v. DAN GOLDEN, ET AL, *Respondents*.

*Landerholm, Memovich, Lansverk, Whitesides, Marsh, Morse & Wilkinson, Dale V. Whitesides,* and *Philip E. Friberg,* for appellants.

*Gallup, Duggan & Frewing, Charles E. Gallup,* and *Terrill S. Wilson,* for respondents.

FARRIS, J.—This action was initiated by Samuel and Sharon Amburgy to recover for injuries to her resulting from a fall over a 2-foot retaining wall in an apartment complex owned by Dan Golden and Max Kessler. The trial court granted Golden and Kessler's motion for a directed verdict at the close of the Amburgys' case. The Amburgys appeal.

Sharon Amburgy was injured when she stepped off the edge of a retaining wall while walking after dark between her brother-in-law's apartment and a neighboring apartment; she was not following a prepared pathway. The record fails to establish that anyone else ever took the route that she chose or that the owner knew or had reason to know that anyone would choose it. The trial court granted the defendants' motion for a directed verdict at the close of the Amburgys' case on two grounds: (1) knowledge of a tenant is imputed to a social guest who stands in the same legal relation to the landlord as the tenant and (2) the landlord has no affirmative duty to illuminate areas that are not "common areas."

Landlords owe their tenants' guests no greater standard of care than is owed to the tenants. *Regan v. Seattle,* 76 Wn.2d 501, 458 P.2d 12 (1969). They do not guarantee safety, but they have an affirmative duty to exercise reasonable care to inspect, repair, and maintain com-

mon areas "in a reasonably safe condition for the tenant's use." *McCutcheon v. United Homes Corp.*, 79 Wn.2d 443, 447, 486 P.2d 1093 (1971). *Accord, Geise v. Lee*, 84 Wn.2d 866, 529 P.2d 1054 (1975); W. Prosser, *Law of Torts* § 63, at 405-06 (4th ed. 1971); Restatement (Second) of Torts § 360 (1965). Before this duty is found to exist, however, it must be shown that the alleged common area (1) is an area upon which the tenant or guest may be reasonably expected to go, *Cohen v. Davies*, 305 Mass. 152, 25 N.E.2d 223, 129 A.L.R. 735 (1940), and (2) is being put to its intended use, *Seaman v. Henriques*, 139 Conn. 561, 95 A.2d 701 (1953).

▐ In reviewing an order directing a verdict and thereby removing the issue from the trier of fact,

> the evidence must be considered in a light most favorable to the nonmoving party; . . . there is no element of discretion involved; and . . . the motion shall be granted in only those instances where it can be held as a matter of law that there is no competent evidence, nor reasonable inferences arising therefrom, which would sustain a jury verdict in favor of the nonmoving party. *Browning v. Ward*, 70 Wn.2d 45, 422 P.2d 12 (1966); *Trudeau v. Haubrick*, 65 Wn.2d 286, 396 P.2d 805 (1964); *Frasch v. Leedom*, 62 Wn.2d 410, 383 P.2d 307 (1963); *Jones v. Leon*, 3 Wn. App. 916, 478 P.2d 778 (1970). In evaluating the evidence introduced, and all reasonable inferences arising therefrom, the trial court must determine whether the nonmoving party has presented *substantial evidence* establishing a prima facie case in support of its claim. *Hemmen v. Clark's Restaurant Enterprises*, 72 Wn.2d 690, 434 P.2d 729 (1967); *Martin v. Huston*, 11 Wn. App. 294, 522 P.2d 192 (1974).

*Shelby v. Keck*, 85 Wn.2d 911, 913, 541 P.2d 365 (1975).

We find as a matter of law that the case presented by the Amburgys, given all reasonable inferences, would not sustain a jury verdict in their favor. They have failed to present evidence which would support a finding that the defendants breached a duty to them.

▐ Further, the retaining wall here is not a "latent defect", *Hughes v. Chehalis School Dist. 302*, 61 Wn.2d 222, 226, 377 P.2d 642 (1963), a circumstance which, if it ex-

isted, would, together with other circumstances, create an issue of liability. *Flannery v. Nelson*, 59 Wn.2d 120, 366 P.2d 329 (1961). Nor does maintenance of the wall constitute an act of wanton misconduct, an occurrence which would establish liability. *See Greetan v. Solomon*, 47 Wn.2d 354, 287 P.2d 721 (1955).

Affirmed.

CALLOW and ANDERSEN, JJ., concur.