SENG PHACHANSIRI, administratrix,[1] & another[2] vs.
CITY OF LOWELL.

No. 92-P-905.

Middlesex. September 20, 1993. - December 2, 1993.

Present: PERRETTA. KASS. & PORADA. JJ.

*Negligence*, Child trespasser, One owning or controlling real estate, Swim-
ming pool. *Practice, Civil*, Instructions to jury, Special questions to
jury, New trial, Judicial discretion.

In a negligence action involving child trespassers, there was no merit to the
plaintiff's contention that the judge's wording of one of two unobjected-
to special questions to the jury, which ostensibly tracked the child tres-
passer statute, G. L. c. 231, § 85Q, was incorrect as matter of law; nor
was there inconsistency in the jury's answers (a) that the location of a
municipal swimming pool was a place where the defendant city knew or
should have known that children were likely to trespass, and (b) that no
condition at the pool involved an unreasonable risk of serious harm or
death. [578-579]

Where, at the trial of a negligence action involving child trespassers at the
location of a municipal swimming pool, the jury could have concluded
that the danger should have been apparent to the children or, more
likely, that because of precautions taken by the city, the pool did not
pose an unreasonable risk of harm to children, there was no abuse of
discretion in the judge's denial of the plaintiff's motion for a new trial
on the ground that the verdict was against the weight of the evidence.
[579-580]

CIVIL ACTION commenced in the Superior Court Depart-
ment on September 6, 1989.

The case was tried before *Paul A. Chernoff*, J., and a mo-
tion for a new trial was heard by him.

*Janice Campbell* for the plaintiff.

*Daniel R. Wojcik*, Assistant City Solicitor, for the
defendant.

---

[1] Of the estate of John Phachansiri.

[2] Joseph Phachansiri by his mother and next friend, Seng Phachansiri.

PORADA, J. The plaintiff filed a negligence action in the Superior Court against the defendant (city) for the wrongful death of her son John, and for personal injuries received by her son Joseph. John, age seven, drowned and Joseph, age five, was injured in the city's South Common swimming pool on September 18, 1988. On that date, the pool was closed for the season. The boys had gained access to the pool by crawling through a hole they apparently had dug underneath a ten-foot chain link fence topped by two feet of barbed wire and then by climbing over an inner five-foot chain link fence around the perimeter of the pool. At the time of the incident, there was approximately five feet of murky ground water in the pool. The pool had been drained approximately three weeks before the incident but ground water had seeped into the pool through cracks in the pool's walls. The police found tracks made by two or more boys on one side of the pool, which sloped into the water and was covered by slippery algae. From the tracks, which were unbroken, the police inferred that the boys had slid into the uncovered pool. Joseph was rescued by teenagers who were nearby, but John's body was not detected or recovered until much later.

The case was tried before a jury in the Superior Court and was submitted to the jury on special questions which ostensibly tracked the child trespasser statute, G. L. c. 231, § 85Q. Only questions one and two are pertinent to this appeal. Question one read: "Did the City of Lowell know or have reason to know that children were likely to trespass inside the fence at the South Common Pool in September[,] 1988?" Question two read: "Was there a condition at the South Common Pool in September[,] 1988, which involved an unreasonable risk of death or serious harm to children?" No objection was lodged to these questions by plaintiff's counsel. The jury responded "yes" to question one and "no" to question two. After answering question two, the jury asked the judge for further instructions as to what they should do. The judge conferred with counsel before responding. At that time, plaintiff's counsel informed the judge that she believed the answers to the two questions were inconsistent and the

judge should further instruct the jury or grant a new trial. The judge disagreed and concluded that the jury's negative response to question two ended the necessity of further deliberations by the jury. The judge entered judgment for the city, from which the plaintiff filed this appeal.

The plaintiff claims the judge's wording of question two misled the jury because it did not specifically refer to "such" children who trespass inside the fence and did not define the condition. The plaintiff also contends that the judge erred in denying her motion for a new trial, because the verdict was against the weight of the evidence. We affirm the judgment and the order denying the motion for a new trial.

1. *Special questions.* We conclude there is no merit to the plaintiff's contention that the judge's wording of question two was incorrect as matter of law. In order to establish liability for an injury to a trespassing child, the plaintiff must establish that the location where the injury took place contained a condition which posed an unreasonable risk of causing death or serious bodily injury to the child. G. L. c. 231, § 85Q. *Mathis* v. *Massachusetts Elec. Co.*, 409 Mass. 256, 259 (1991). See also Restatement (Second) of Torts § 339, comment on clause (b) (1965). The question, as phrased, simply asked the jury to determine whether this statutory condition had been met. See Prosser and Keeton, Torts § 59 at 405 (1984) ("[c]ondition must be one which the occupier should recognize as involving an unreasonable risk of harm to such children"). Moreover, in responding to the question the jury was guided by the judge's instructions directing them to determine "whether or not there was at that time [and place in question] a condition which could cause a risk of death or serious harm to children." We fail to see how the jury was misled by the failure of the judge to refer to "such" children in question two or to describe the "condition," which lay within the province of the fact finder.

Nor do we consider the answers to questions one and two to be inconsistent. The mere fact that the place where the condition is found is a place which the owner knows or should know that children are likely to trespass does not

mean that the condition is one which involves an unreasonable risk of serious harm or death. See *McDonald* v. *Consolidated Rail Corp.*, 399 Mass. 25, 28-29 (1987) (the judge did not err in refusing to instruct the jury that the landowner owed a duty to foreseeable child trespassers). The jury could have concluded that the danger of water in a pool is one that could reasonably be expected to be fully understood and appreciated by any child of an age to be allowed at large on his own, see Restatement (Second) of Torts, § 339, comment on clause (b) *j* "([t]here are many dangers, such as those of fire and water, or of falling from a height, which under ordinary conditions may reasonably be expected to be fully understood and appreciated by any child of an age to be allowed at large") and illustration 6 (1965). Alternatively, the jury could have concluded that the condition to be assessed was the entire pool area encompassing not only the pool but also the two fences, which encircled the perimeter of the pool, see *McDonald* v. *Consolidated Rail Corp.*, *supra* at 26 (child became a trespasser when he climbed onto trestle from which he was knocked off by a moving train which ran on tracks laid over the trestle), and which could have been viewed by the jury as attenuating any unreasonable risk of harm to the children, see *Salazar* v. *Sheridan*, 618 P.2d 708, 710 (Colo. Ct. App. 1980) (fact finder should consider on issue whether condition posed an unreasonable risk of harm to children precautions taken by city to bar entry to open sewer entrance).

In any event, if there was a defect in the wording of the question, the plaintiff did not lodge an objection at the time of submission of the question to the jury. The plaintiff cannot now complain that there was such a defect. *Corcoran* v. *Batchelder*, 147 Mass. 541, 544 (1888). *Charles L. Hazelton & Son, Inc.* v. *Teel*, 349 Mass. 617, 620 (1965).

2. *Motion for a new trial.* The granting or denial of a motion for a new trial on the ground that the verdict is against the weight of the evidence rests in the sound discretion of the trial judge. *Turnpike Motors, Inc.* v. *Newbury Group, Inc.*, 413 Mass. 119, 127 (1992). In ruling on such a motion, "the judge must necessarily consider the probative force of the ev-

idence and not merely the presence or absence of any evidence upon the disputed point." *Robertson* v. *Gaston Snow & Ely Barlett*, 404 Mass. 515, 520, cert. denied, 493 U.S. 894 (1989), quoting from *Hartmann* v. *Boston Herald-Traveler Corp.*, 323 Mass. 56, 60 (1948). "[A] judge should exercise this discretion only when the verdict 'is so greatly against the weight of the evidence as to induce in his mind the strong belief that it was not due to a careful consideration of the evidence, but that it was the product of bias, misapprehension or prejudice.' " *Turnpike Motors, Inc.* v. *Newbury Group, Inc.*, *supra*, quoting from *Scannell* v. *Boston Elev. Ry.*, 208 Mass. 513, 514 (1911). While he did not elucidate in great detail his reasons for denial of the motion for a new trial, the judge determined that the jury reached their decision based upon a careful consideration of the evidence. We discern no abuse of discretion. As noted above, the jury could have concluded that the danger should have been apparent to the children or, more likely, that because of the precaution taken by the city, the double fence, that the pool did not pose an unreasonable risk of harm to children.

*Judgment affirmed.*
*Order denying motion for new trial affirmed.*