LoConto, RJ.
Aggrieved by the trial judge’s allowance of the defendant’s motion for summary judgment the plaintiff commenced this appeal in accordance with Rule 8A of the District/Municipal Courts Rules for Appellate Division Appeal. A summary of the undisputed facts as stated in the Expedited Appeal are as follows.
On May 25,1998, the plaintiff was attending a Memorial Day celebration at the Indian Ranch facility. As she was returning from a concession stand to the picnic area, she tripped over one of the many exposed tree roots that were in the area, causing her to fall forward and resulting in serious physical injuries.
Indian Ranch is an establishment offering services to the public and it includes camp ground facilities, as well as an amphitheater and picnic area There are many pine trees scattered throughout the property. The tree root over which the plaintiff tripped was covered by bark, was 4” tall and approximately 6” wide. It extended more than 3’ from the base of the tree. Several other exposed roots extended out from this particular tree and many more similarly exposed roots extended out from other trees in the area
*13 At the time she fell, the plaintiff was walking back from the concession stand to the area where she and her friends had been enjoying the Memorial Day Jamboree. There were many other patrons in die area. There was no defined path from the picnic area to the concession stand. The route to and from the concession stand was through the area which was marked by the many exposed tree roots.
The plaintiff contends, and has so testified at her deposition, that on her return from the concession stand, she was carrying beverages on a tray and she was paying particular attention to avoid the many patrons who were walking around the area. A young tot was riding piggyback on the plaintiff at the time of her fall. The plaintiff was not aware of any other route to walk to the concession stand to the picnic area, nor did she recáll the precise location of each of the several exposed tree roots that marked the area where she fell.
”The standard of review of a grant of summary judgment is whether, viewing the evidence in file light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law. Mass. R Civ. E, Rule 56(c).” Beal v. Board of Selectmen of Hingham, 419 Mass. 535, 539 (1995). A judge must be careful not to assume the function of the fact finder by passing on the credibility of the witnesses or evaluating the weight of the evidence, Attorney General v. Brown, 400 Mass. 826, 832 (1987), or to grant a motion for summary judgment merely to save the time and the expense of a trial. Hub Associates Inc. v. Goode, 357 Mass. 449, (1970). The moving party has the burden of affirmatively demonstrating that the pleadings present no genuine issue of fact on every material issue. And the moving party bears this burden even though it would not have the burden of proof on said issues at trial. Attorney General v. Bailey, 386 Mass. 367, 371 (1982). The party opposing the motion must not rest upon “mere allegations or denials of his pleadings,” but must set forth specific facts that show there is a genuine issue of fact for trial. Mass. R Civ. E, Rule 56(e). “The possibility that the party opposing a motion for summary judgment may elicit something helpful on cross-examination of witnesses cannot defeat the motion, particularly if there is no indication of what specifically is to be elicited.” Thompson v. Commonwealth, 386 Mass. 811, 815 (1982). This division’s review of the correctness of the trial judge’s ruling involves the same standard used initially by the trial justice and we may consider any ground for supporting the judgment Champagne v. Commissioner of Correction, 395 Mass. 382, (1985). We are cognizant that summary judgment is rarely granted in negligence actions, Community Nat’l Bank v. Dawes, 369 Mass. 550 (1976), particularly not in so-called “open and obvious danger” cases.
”The duty owed by the defendant to a business invitee [is] to use due care to keep its premises in a reasonably safe condition for use according to the invitation or to warn of dangers not obvious to the ordinary person and of which he would not be expected to know, but which were known or should have been known to the defendant” Benjamin v. O’Connell & Lee Mfg. Co., 334 Mass. 646, 64 (1956). They are not obliged to supply a place of maximum safety, “but only one which would he safe to a person who exercises such minimum care as the circumstances reasonably indicate.” Toubiana v. Priestly, 402 Mass. 84, 88 (1988). “A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.” RESTATEMENT (SECOND) OF TORTS §343A (1965). A reasonable man standard is applied to determine if the condition and the risk are apparent to and would be recognized by a person in the position of a visitor, “exercising ordinary perception, intelligence, and judgment” Id. at comment b (1965). And a plaintiff is obliged to *14 use her faculties for her own protection and to guard herself from obvious hazards. Benjamin v. O’Connell & Lee Mfg. Co., supra at 649. “Landowners are relieved of the duty to warn of open and obvious dangers on their premises because it is not reasonably foreseeable that a visitor exercising (as the law presumes) reasonable care for his own safety would suffer injury from such blatant hazards.” 726 N.E.2d 951, 431 Mass. 201, O’Sullivan v. Shaw, 431 Mass. 201, 204 (2000). The law does not protect a lawful visitor from dangers obvious to persons of ordinary intelligence. Lyon v. Morphew, 424 Mass. 828 (1997).
We rule that as a matter of law, the risk associated with walking through an area of trees and exposed tree roots is open and obvious to a person of average intelligence, relieving the landowner from any duty to warn of the dangers. The defendant establishment included campground facilities, with many pine trees scattered throughout the property. The plaintiff was walking back from the concession stand at the time of her fall. Admittedly, she was carrying beverages on a tray and a youngster on her back. Common sense dictates that the ground is not level in an area of pine trees and that it is possible tree roots, at varying degrees, would be protruding from the ground. It is also reasonable to expect that roots may be hidden by natural groundcover. The admitted facts demonstrate that the plaintiff traversed this area on her way to the concession stand and was heading back to the picnic area We are not persuaded by the plaintiff’s contention that there remains a question of fact that requires a trial. The natural surroundings of pine trees with exposed roots in a picnic grove, is not a dangerous condition that would impose on a landowner the duty to warn lawful visitors of any unreasonable danger. Although the allowance of a motion for summary judgment in a negligence action is unusual, we agree with the trial judge that no rational view of the evidence would permit a finding on behalf of the plaintiff, and accordingly, we find no error.