Ripps, J.
The defendant-landowner appeals pursuant to Dist./Mun. Cts. R.A.D.A., Rule 8C(1) whether the evidence was sufficient for the judge to find him negligent for not having a fence atop a retaining wall from which the five-year-old plaintiff fell; (2) whether the judge failed to consider the plaintiffs comparative negligence; and (3) whether the judgment was excessive.
The defendant is the trustee of CS Realty Trust which purchased 38-42 Catherine Street, Worcester, in November, 1997. A paved driveway runs between 38-42 Catherine Street and the adjoining 36 Catherine Street. A concrete retaining wall annexed to the driveway holds up the yard at 36 Catherine Street, but is on the 38-42 Catherine Street property. The wall was one foot thick and ranged in height from 73 to 45 inches above the driveway and at spots was 6 inches to a foot higher than the level of the yard. There were 21/2 inch diameter, 4 inch deep holes along the top of the wall which could hold posts for a fence. None were present.
On September 20,1998, the five-year-old minor plaintiff, her mother and sister were visiting in the yard at 36 Catherine Street which was used for parking and recreation. The judge described the incident in his Findings of Fact.
The wall was 6” to one foot over the grade on the upper level where [the minor plaintiff] was playing and it was four feet above the grade on the low side of the defendant’s property. Adjacent to the wall on the upper side were a row of trees and between two of those trees hung a hammock. [The minor plaintiff] was playing near the hammock, dangerously close to the wall’s four foot drop onto a hard, asphalt driveway. [The plaintiff-mother] called [the minor plaintiff] away and told her to come to the area where she was seated, 5-10 feet away. [The minor plaintiff] obeyed [her mother’s] warning twice but then went back to the hammock. A bee came near the [minor plaintiff], she tried to hit it away, and she fell onto the pavement below on the low side of the wall.
After viewing the photographs showing the topography and all of the other physical characteristics of the area on the high and low sides of the concrete wall this court finds that a reasonably prudent landlord in the defendant’s position knew or should have known that some barrier was necessary on the top of the wall to prevent anyone walking near or using *192 the area adjacent to the wall from falling four or five feet onto a hard pavement The defendant’s failure to provide a fence or other protective barrier on top of the wall was the major cause of the plaintiffs injuries and constitutes negligence.
The defendant... failed to exercise reasonable care in the maintenance of his property by not placing some safety barrier over the obviously dangerous concrete wall on his property. His failure was the proximate cause of the injuries sustained by tire plaintiff....
Prior to the fall, the minor plaintiff, although five years old, was aware that the wall was there and there was a drop-off to the driveway, as she had seen it arriving at the house. When she was in or near the hammock, she knew she was near the edge of the wall, and that her mother had warned her not to be there because it was dangerous and the danger was that of falling, although she did not know the exact distance down in feet.
She fractured her left humerus at the elbow. It resolved within a month with a slight deformity. The judge entered judgment for the minor plaintiff in the amount of $90,000 for her injuries and for her mother in the amount of $4,000 for lost wages and loss of consortium.
The defendant complains: (1) that the evidence was not sufficient for the judge to find the defendant negligent; that such a finding could only be based upon a violation of the Worcester City Ordinances §§1310.0 and 872, and/or the State Building Code, and evidence of its applicability to the defendanf s property was neither proved nor found by the judge, and if it was, it was based upon inadmissible expert testimony; (2) that the judge should have considered the comparative negligence of the minor plaintiff and her mother in light of the open and obvious nature of the danger; and (3) that the evidence was not sufficient to support the judge’s assessment of damages.
The right to appeal errors of law is preserved by the filing of Requests for Rulings pursuant to MRCP 64A Although District Court judges are not required to find the facts specially and state separately conclusions of law, they may do so, or they may way write a memorandum on the evidence under 52(c). But, for clarity, judges should “specifically state whether they are or are not making findings of fact under rule 52(c).” Stigum v. Skloff, 433 Mass. 1011 (2001). When a judge writes sufficient findings under either heading, consideration may be given on appeal to the question of whether the trial court’s findings are so devoid of support that they are “clearly erroneous.” Fillion v. Cardinal, 2000 Mass. App. Div. 284, 286, quoting Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 171, 172. In undertaking such a review, an appellate court accords the findings considerable deference “because of the trial judge’s superior position to assess the weight, and particularly the credibility, of oral testimony.” Fillion v. Cardinal, supra, quoting Macone Bros. Inc. v. Strauss, 1997 Mass. App. Div. 95, 96. A trial court’s findings will not be disturbed unless “on the entire evidence,” the appellate court is “left with the firm conviction that a mistake has been committed.” Id., quoting G.E.B. v. S.R.W., 422 Mass. 158, 172 (1996). Because the judge wrote Findings of Fact and answered Requests for Rulings, we can look thereto to determine whether there was clear error.
Negligence
The plaintiff sought to prove negligence in two ways: violation of a statute as evidence of negligence, and breach of duty. “Negligence ... is the failure of a responsible person, either by omission or by action, to exercise that degree of care, vigilance and forethought which, in the discharge of the duty then resting on him, the person of ordinary caution and prudence ought to exercise under the particular circumstances. It is a want of diligence commensurate with the requirement of the duty at *193 the moment imposed by the law.” Tobin v. Norwood Country Club, Inc., 422 Mass. 126, 141-142 (1996), quoting Altman v. Aronson, 231 Mass. 588, 591 (1919). In any negligence cause of action, there are four elements a plaintiff must prove: “(1) a legal duty owed by defendant to plaintiff; (2) a breach of that duty; (3) proximate or legal cause; and (4) actual damage or injury.” Tobin v. Norwood Country Club, Inc., supra, quoting Jorgensen v. Massachusetts Port Authy., 905 F.2d 515, 522 (1st Cir. 1990). “Ordinarily, where a duty of care is established by law, the standard by which a party’s performance is measured is the conduct expected of an ordinarily prudent person in similar circumstances. The -standard is not established by the most prudent person conceivable, nor by the least prudent, but by the person who is thought to be ordinarily prudent.” Toubiana v. Priestly, 402 Mass. 84, 88 (1988).
“Whether a defendant has a duty of care to the plaintiff in the circumstances is a question of law for the court, to be determined by reference to existing social values and customs and appropriate social policy.” O’Sullivan v. Shaw, 431 Mass. 201, 203 (2000); Davis v. Westwood Group, 420 Mass. 739, 743 (1995); Schofield v. Merrill, 386 Mass. 244, 246-254 (1982). A basic principle of negligence law is that ordinarily everyone has a duty to refrain from affirmative acts that unreasonably expose others to a risk of harm. Tobin v. Norwood Country Club, Inc., supra at 142.
Violation of Building Code
The general rule in Massachusetts is that violation of the building code or regulations does not, in itself, give rise to a cause of action, but is some evidence of negligence as to the consequences the code and its regulations were intended to prevent. Dolan v. Suffolk Franklin Sav. Bank, 355 Mass. 665, 667 (1969); Perry v. Medeiros, 369 Mass. 836, 841 (1976); Matteo v. Livingstone, 40 Mass. App. Ct. 658, 659 (1996); Ford v. Boston Housing Authority, 55 Mass. App. Ct. 623, 625 (2002). A fact-finder might find that the particular regulation, unlike the others offered, was intended to prevent the type of mishap which befell the plaintiff. Follansbee v. Ohse, 293 Mass. 48, 52 (1935). But, a safety statute does not establish a new civil cause of action without express terms or clear legislative intent to that effect. St. Germaine v. Pendergast, 411 Mass. 615, 620 (1992).
Through the plaintiffs witness, Mr. Remmer,[1] the plaintiff introduced evidence that the Building Permit to construct the buildings with new addresses at 38-42 Catherine Street was issued May 7,1969 to Valmac Realty (Plaintiffs Exhibit 6); and, that at the time, the Worcester Building Code was in effect since June 7,1965. (Plaintiffs Exhibit 10). The defendant objected to the plaintiffs attempt to have Mr. Remmer testify as to whether the Worcester Building Code applied to the original construction and thereafter, and whether the State Building Code applied at the time of the incident on September 20,1998. The judge allowed the testimony. Remmer testified that: the Worcester Building Code, §872, required a retaining wall if there was a difference in elevation of four feet or more; that such a wall would have needed a guardrail at least four feet high atop it pursuant to §1310; but, that if the wall was within two feet of a driveway, it did not have to have a guardrail atop it. Because this wall was within two feet of the driveway, no guardrail was required. Remmer also testified that the Worcester Building Code was in effect until the State Building Code replaced it on January 1, 1975. And, that the State *194 Building Code, now in the 6th Edition, in effect since August 28, 1997, has only since that date, required the defendant to comply with the Worcester Building Code, which went out of existence in 1975, and the only public copy of which could be found in the library of Worcester Polytechnic Institute.
The defendant suggests that this testimony was improper. A judge may allow testimony on the applicability of a building code to the particular facts of a case. Ford v. Boston Housing Authority, supra at 626. There is no “inflexible rule that expert testimony interpreting or explaining the requirements of a complicated code is impermissible.” Id. Testimony by a code enforcement officer, especially one with Mr. Remmer’s experience, is admissible to aid the court to understand the code.
The judge found that the defendant was negligent by “not placing some safety barrier” when he “knew or should have known that some barrier was necessary on the top of the wall to prevent anyone walking near or using the area adjacent to the wall from falling four or five feet onto the hard pavement.” Evidence that a fence was required atop the wall came from Remmer’s testimony about whether the Worcester or State Building Codes required it. The testimony was equivocal. In order to find that the defendant was negligent not to have a fence, the judge had to find that a fence was statutorily required. But, he did not.
The defendant filed Request for Rulings 1-5 and 7, each questioning whether the plaintiff had introduced sufficient evidence of the applicability of either code. The judge denied each on the ground that they were requests for findings of facts or mixed requests for findings of facts and rulings of law. The correctness of the characterization of the requests does not matter because the judge did not find that the defendant violated any statute or building code. As a result, negligence could not be based thereon. Therefore, the denial of these requests was not error.
Duty of Landowner
Because there was no violation of statute, we look to determine whether the judge could find that the defendant was negligent by maintaining an “obviously dangerous concrete wall” without a safety barrier on top. “The law imposes on a property owner ‘a duty to maintain his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk.’” Barry v. Beverly Enterprises-Massachusetts, Inc., 418 Mass. 590, 592-593 (1994), quoting Toubiana v. Priestly, supra, at 88; Mounsey v. Ellard, 363 Mass. 693, 708 (1973). “One is bound to anticipate and provide against what is likely to happen. But one is not bound to foresee and guard against occurrences which are apparently impossible or highly improbable.” Peacock v. Ambassade Realty Corp., 336 Mass. 115, 118 (1957). “[A] defendant in a premises liability case is ‘not obliged to supply a place of maximum safety, but only one which would be safe to a person who exercises such minimum care as the circumstances reasonably indicate.’” Barry v. Beverly Enterprises-Massachusetts, Inc., supra at 593, quoting Toubiana, supra at 88.
Open and Obvious Dangers
The judge ruled that the wall without a fence was “obviously dangerous,” which equates with it being a dangerous condition. The landowner’s duty to an invitee is to exercise reasonable care to keep the premises in a reasonably safe condition, or, at least to warn them of any hidden dangers the landowner should have been aware of, and which were not known to the invitee, or obvious to an ordinarily intelligent person. Sterns v. Highland Hotel Co., 307 Mass. 90, 92 (1940); Ventor v. Marianne, Inc., 1 Mass. App. Ct. 224, 225 (1973). “[I]t is well established in our law of negligence that a landowner’s duty to protect lawful visitors against dangerous conditions on his property ordinarily does not extend to dangers that would be obvious to persons of average intelligence.” O’Sullivan v. Shaw, supra at 204, citing Toubiana v. Priestly, supra at 89. “A condition is dangerous if it creates a substantial risk of injury when foreseeable users use the property with due care.” Huffman v. City of Poway, 84 Cal. *195 App. 4th 975, 991, 101 Cal. Rptr. 2d 325, 337 (2000).
Whether a danger is open and obvious has to do with the duly of the defendant, not the negligence of the plaintiff. Callahan v. Boston Edison Co., 24 Mass. App. Ct. 950 (1987), citing Valunas a J.J. Newberry Co., 336 Mass. 305, 306 (1957). The open and obvious rule affects not only the duty to warn but “operates to negate the existence of a duty of care.” O’Sullivan v. Shaw, supra at 206 (summary judgment for defendant granted when plaintiff dove into shallow end of pool); Cetrullo v. Howland, 61 Mass. App. Ct. 1114 (2004) (summary judgment for defendant where plaintiff slipped on known goose droppings).
“Landowners are relieved of the duty to warn of open and obvious dangers on their premises because it is not reasonably foreseeable that a visitor exercising (as the law presumes) reasonable care for his own safely would suffer injury from such blatant hazards.” Greenslade v. Mohawk Park, Inc., 59 Mass. App. Ct. 850, 853-854 (2003) (fall from rope swing over river), quoting O’Sullivan v. Shaw, supra at 204, Baldwin v. Pisacreta, 5 Mass. App. Ct. 810 (1977) (employer had no duty to warn the employee mowing the lawn of the danger of slipping on wet grass and falling off the top of a retaining wall); Greenfield v. Freedman, 328 Mass. 272 (1952) (plaintiff slipped on leaves on the outside edge of a walk); Gallant v. Indian Ranch, Inc., 2002 Mass. App. Div. 12 (trip on exposed previously seen pine tree root); Rainka v. Shing, 2000 Mass. App. Div. 186 (slip on seen flattened cardboard). Because the danger is seen and known, “[t]o impose liability upon the defendant in these circumstances ‘would be to establish an unreasonable standard of perfection rather than to enforce the recognized standard of due care.’” Greenfield v. Freedman, supra at 275, quoting Rogers v. Cambridge Taxi Co., 317 Mass. 578 (1945) (plaintiff sat on ashtray in cab).
Other jurisdictions are in accord. Zubas v. Coffey, 7 A.D.2d 643, 644 (N.Y.A.D. 1958), aff’d. 6 N.Y.2d 915, 190 N.Y.S.2d 991, 161 N.E.2d 207 (plaintiff fell from top of retaining wall); Amburgy v. Golden, 16 Wash. App. 449, 450-452, 557 P.2d 9, 10-11 (1976) (slip off two foot retaining wall). In Pickens v. Tulsa Metropolitan Ministry, 951 P.2d 1079 (Okla. 1997), the plaintiff, while inebriated, fell asleep on a retaining wall which lacked a barrier fence. He turned over in his sleep, fell off and was injured. He complained that it lacked a fence. The court granted summary judgment. He appealed claiming that whether the danger was open and obvious was a question of fact for the jury which should be viewed from the perspective of his inebriated condition. The court, in affirming summary judgment, applied the “ordinary prudent person standard,” found the danger to be open and obvious as matter of law, and ruled that the plaintiffs inebriated condition did not bear on determination of open and obvious.
The defendant herein filed a Request for Ruling #18 which stated: “The duty to warn extends only to concealed, non-obvious dangers. When the danger is open, obvious or patent, a warning would be superfluous.” The judge allowed the request. The proposition is a correct statement of law as to the duty to warn, as there is no duty to warn a person of average intelligence that they might fall off the wall if they are inattentive while near the edge. However, the judge went on to find that, although there is no duty to warn, there was an additional duty of care to erect a fence because had there been a fence, she could not have fallen. While we agree with the “but/for” physical proposition, the open and obvious doctrine negates such a duty of care, O’Sullivan v. Shaw, supra at 206, by requiring a person of average intelligence to avoid “such blatant hazards.” See Greenslade v. Mohawk Park, Inc., supra at 853-854. In this case, no duty of care was owed to a person of average intelligence. We infer he might have found the defendant had the duty to erect a fence because of the youthfulness of the minor and the question of whether a different duty is owed to a child than to a person of average intelligence.
*196 Duty of Landowner to Child
The issue then is whether the court will hold a five-year-old to the person of average intelligence standard. A greater duty of reasonable care is owed to a child than to an adult because “the law, as well as adults, makes allowances for the impulsiveness and lack of maturity and experience of children.” Dilorio v. Tipaldi, 4 Mass. App. Ct. 640, 643 (1976); Brown v. Knight, 362 Mass. 350, 352 (1972). “If the child is fully aware of the condition, understands the risk which it carries, and is quite able to avoid it, he stands in no better a position than an adult with similar knowledge and understanding. This is not merely a matter of contributory negligence or assumption of risk, but lack of duty to the child,” Mathis v. Massachusetts Electric Co., 409 Mass. 256, 262 (1991) (16-year-old climbed utility pole); Elmore v. Burns, 61 Mass. App. Ct. 1114 (2004) (summary judgment for defendant when 12-year-old paper deliverer was aware and forewarned that it was dangerous to ride bike down driveway because oncoming drivers’ view was obstructed).
Factors to be considered are: whether the child is old enough to be left alone (at large), and whether the child can be expected to be aware of the danger, in this case, the danger of falling.
There are many dangers, such as those of fire and water, or of falling from a height, which under ordinary conditions may reasonably be expected to be fully understood and appreciated by any child of an age to be allowed at large. Phachansiri v. City of Lowell, 35 Mass. App. Ct. 576, 579 (1993) (boys five and seven trespassed by tunneling into closed pool), quoting Restatement (Second) OF Torts, §339, comment on clause (b)j.
Other courts and learned treatises are in accord. “Surely, it would be an intolerable burden to require a landowner ‘to guard every stairway, cellarway, retaining wall, shed, tree and open window on his premises so that a child cannot climb to a precipitous place and fall off.’” Summers v. Grant Park Baptist Church, 243 Or. 362, 365, 413 P.2d 611, 613 (Or. 1966), quoting 2 HARPER AND JAMES, THE LAW OF Torts, 1455, s 2715 (1956). See also Prosser and Keeton on Torts, 5th Edition, (1984) West Publishing, §59.
This is not merely a matter of contributory negligence or assumption of the risk but of lack of duty to the child. Thus the fact that the danger is obvious even to a child, or that child has been warned about it, may defeat recovery, where the child was thereby made fully aware of the situation. But it is appreciation of the danger which is required to defeat recovery, rather than mere knowledge of the existence of the condition itself....
The requirement is that the child appreciate the danger. Other states, such as Pennsylvania, “hold that even rather young children must be held as a matter of law to understand that if one falls from a high place he is likely to be injured.” Novicki v. Blaw-Knox Co., 304 F.2d 931, 934 (3d Cir. 1962). Therefore, the duty to protect children from dangers which they are unlikely to appreciate does not extend to the risk of jumping or falling from an elevated structure. Slavish v. Ratajczak, 277 Pa. Super. 272, 275, 419 A.2d 767, 769 (1980) (5-year-old fell off landing he knew lacked railing). The Slavish court quoted its leading case on children falling, McHugh v. Reading Co., 346 Pa. 266, 269, 30 A.2d 122, 123 (1943) in which a six year old child fell off a train abutment and was killed:
No danger is more commonly realized or risk appreciated, even by children, than that of falling; consciousness of the force of gravity results almost from animal instinct. Certainly a normal child nearly seven years of *197 age — indeed any child old enough to be allowed at large — knows that if it steps or slips from a tree, a fence, or other elevated structure, it will fall to the ground and be hurt. It may be that some children, while realizing the danger, will disregard it out of a spirit of bravado, or because, to use the language of the Restatement, of their ‘immature recklessness,’ but the possessor of land is not to be visited with responsibility for accidents due to this trait of children of the more venturesome type. ...
It could hardly be said that a retaining wall like the one in question is dangerous. It is not like a stack of lumber composed of separate pieces that are liable to fall at any time. On the occasion of the accident, it did not fall or bréale The only sense in which it could be said to be dangerous is that it was easy to climb, and easy to fall from; but, for that matter, so is every tree, every pole, every fence, every ladder, every railing or set of steps, that the owner may have about his premises. McHugh v. Reading Co., 346 Pa. 266, 269, 30 A.2d 122, 123-124 (1943).
Herein, the child was not allowed to be at large, but was being supervised by her nearby mother. The child was aware of the wall and the drop-off and appreciated the danger of falling. She was twice warned about being too close to the edge because she might fall. As a matter of law, the child was sufficiently aware of the danger of falling as a result of the open and obvious nature of the wall so that no more of a duty of care was owed her or her mother by the defendant.[2] The defendant did not breach a duty. There was none.
Comparative Negligence
The defendant filed Requests for Rulings 19-21 which asked that the court consider the comparative negligence of the plaintiffs to deny or proportionally reduce any judgment for them.
19. The plaintiff is also held to a standard of reasonable care under all circumstances and her comparative negligence will reduce or bar her recovery. M.G.L.c. 231, §85. The judge allowed the request.
20. If the plaintiffs injuries were caused by a condition of which the plaintiff was aware or should have been aware, a finding that the plaintiffs negligence caused or contributed to the accident is warranted. Brillante v. United States, 449 F. Supp. 597, 600 (D. Mass. 1978). The judge responded: ‘Allowed, but court does not so find.’
21. If the plaintiff’s injuries were caused by a condition, and that even a cursory glance by the plaintiff would have revealed that condition to her then a finding that the plaintiff’s negligence caused or contributed to cause her injuries is warranted. Brillante v. United States, 449 F. Supp. 597, 600 (D. Mass. 1978). The judge responded: ‘Allowed, but court does not so find.’
The relationship of the open and obvious rule and comparative negligence and assumption of the risk was discussed at length in O’Sullivan v. Shaw, at 205. Therein, the plaintiff argued on appeal that the open and obvious danger rule was implicitly abolished by the comparative negligence statute (c. 231, §85), which *198 abolished the defense of assumption of risk. As a result, the plaintiff therein alleged that the judge was in error for ruling that defendants owed no duty to the plaintiff due to the obvious nature of the risk, for it properly belongs to a jury to decide the issue of the defendants’ liability by applying statutorily mandated principles of comparative fault The court responded:
Although we have not previously addressed this precise issue, Massachusetts courts have continued to apply the open and obvious danger rule in cases decided after the Legislature’s abolition of the assumption of risk defense, thereby at least implicitly recognizing the rule’s continuing viability. Assumption of risk, along with contributory negligence, was an affirmative defense to negligence for which the defendant bore the burden of proof at trial. A plaintiff assumed the risk of harm when he voluntarily exposed himself to a known danger which had been caused by the defendant’s negligence; the focus of the inquiry was thus on the plaintiff’s own carelessness or negligence in failing to avoid a hazard which he knew about and appreciated. By contrast, the open and obvious danger doctrine arises in connection with the separate issue of a defendant’s duty to protect others from dangerous conditions about which the defendant knows or should know. Rather than evaluating a particular plaintiff’s subjective reasonableness or unreasonableness in encountering a known hazard, the inquiry is an objective one that focuses, instead, on the reasonableness of the defendants conduct: it presumes a plaintiff’s exercising reasonable care for his own safety and asks whether the dangerous condition was, objectively speaking, so obvious that the defendant would be reasonable in concluding that an ordinarily intelligent plaintiff would perceive and avoid it and, therefore, that any further warning would be superfluous.
Thus, the superseded common-law defense of assumption of risk goes to a plaintiff’s failure to exercise due care for his own safety, whereas the open and obvious danger rule concerns the existence of a defendant’s duty of care, which the plaintiff must establish as part of his prima facie case before any comparative analysis of fault may be performed. O’sullivan v. Shaw, supra at 205-06. (Citations omitted).
Herein, since the risk of harm was obvious, there was no duty owed to the child or her mother. If there was, the trial court should have then assessed comparative negligence of both the minor plaintiff and the plaintiff-mother who allowed her child to be by the hammock and wall, exposed to the risk of falling, after both appreciated the risk. As a result of our decision herein, we need not address the defendant’s issue of the excessiveness of the judgment. See Casillo v. Worcester Area Transp. Co., Inc, 2001 Mass. App. Div. 113.
The judgment is reversed and judgment is to enter for the defendant.
Concurring Opinion
Rutberg, J. I concur in the result. The trial judge determined that the condition which gave rise to the plaintiff’s fall was “an obviously dangerous concrete wall”; there is ample evidence to support this finding, and a landowner owes no duty of care when the cause of the injury is from an open and obvious condition. O’Sullivan v. Shaw, 431 Mass. 201 (2000).

 Mr. Remmer received a Bachelor of Science in Civil Engineering from Worcester Polytechnic Institute, a Masters Degree in Engineering for Applied Math from Yale University and a Masters of Science Degree in Structural Engineering from Oxford University. He was employed as the Assistant Commissioner of the Worcester Building Department from 1971-1973. In 1973, he was the Technical Director of the State Building Code Commission which produced the State Building Code effective January 1,1975.

 “Although negligence questions involving issues of what is reasonably foreseeable are ordinarily left to the jury, there are instances when the judge may decide them as a matter of law, where no rational view of the evidence would warrant a finding of negligence.” Glick v. Prince Italian Foods, Inc., 25 Mass. App. Ct. 901, 902 (1987) (rescript).