Brant, J.
This is an action by a discharged attorney to recover legal fees from successor counsel who settled the personal injury case on which the plaintiff attorney had originally been retained.
In February, 2000, Zhaoping Pang (“Pang”) sought legal representation for his wife, Xioaman Wang (“Wang”), who had sustained injuries in a motor vehicle accident. Pang walked into the law office of plaintiff attorney Dennis M. Bottone (“Bot-tone”) and spoke to Fatima Ferreira (“Ferreira”), Bottone’s legal assistant. After Bottone returned from vacation, he sent Wang a contingent fee agreement, which Wang signed and returned. The agreement provided for the customary attorneys fee of one-third of any recovery obtained from a settlement or judgment.
Upon receiving the signed contingent fee agreement, Bottone, with Ferreira’s assistance, began his representation of Wang. Although Bottone did not file suit, he did make contact with the other automobile operator’s insurance company and obtained various medical records. Bottone never met with Wang and had only irregular contact with her and with Pang.
In the summer of 2001, Pang met defendant attorney Blaine J. DeFreitas (“DeFreitas”) in an unrelated context and mentioned that his wife had a personal injury claim pending. After DeFreitas stated that he also did personal injury work, Pang asked DeFreitas to review Wang’s case. Wang subsequently asked DeFreitas to represent her in the motor vehicle tort case, and signed a contingent fee agreement with DeFreitas again agreeing to an attorneys fee of one-third of the proceeds of any settlement or judgment obtained.
After being retained, DeFreitas sent Bottone a letter of discharge and requested that Wang’s file be sent to him. Bottone forwarded the file to DeFreitas with an accompanying letter stating that he had incurred costs of $106.37 in representing Wang and expected to be compensated for his efforts on her behalf.
DeFreitas’ representation of Wang resulted in the settlement of her personal injury claim for $75,000.00. DeFreitas received a legal fee of $25,000.00.
In January, 2003, Bottone learned that DeFreitas had settled Wang’s case. He contacted DeFreitas to demand payment of his expenses and, on the basis of quantum meruit, half of the legal fee DeFreitas had received. Bottone sent DeFreitas affidavits purporting to list the number of hours and the effort he and his staff had expended on Wang’s behalf. DeFreitas offered Bottone $1,000.00 for his services plus $106.37 in reimbursement for his costs. Bottone rejected the offer, and this lawsuit followed.
Bottone originally brought suit for legal fees against Wang. He later added *58 DeFreitas as a defendant and dismissed the case against Wang. Bottone’s claims against DeFreitas alleged a G.L.c. 93A violation and unjust enrichment. Summary judgment was granted in favor of DeFreitas on the G.L.c. 93A claim.[1]
The case proceeded to trial on the unjust enrichment claim, and there was conflicting evidence on the issue of which attorney had done the most significant work in the case. Bottone presented evidence that he and his staff worked hard on Wang’s behalf, and DeFreitas countered with his own evidence of the work he and his staff had performed to effectuate the ultimate settlement of Wang’s claim.
In a written decision, the trial judge found that the work performed by Bottone and his staff was preliminary, primarily administrative and not a significant factor in the final settlement of the case, and that most of the substantive work culminating in the settlement had been performed after Wang’s file had been transferred to DeFre-itas’ office. The judge concluded that the $1,000.00 offer was an adequate legal fee for the work performed by Bottone. However, because the judge incorrectly assumed that the $1,000.00 had been paid, he entered judgment for DeFreitas.
1. At the conclusion of the trial, Bottone presented 49 requests for findings of fact and 20 requests for conclusions of law. The judge correctly declined to respond to Bottone’s requests for factual findings. F & G Pasqualucci, LLC v. Global Naps Realty, Inc., 2004 Mass. App. Div. 69; Lenco Pro, Inc. v. Guerin, 1998 Mass. App. Div. 10. ‘The right to appeal errors of law is preserved by the filing of Requests for Rulings pursuant to Mass. R Civ. R, Rule 64A.” Rodriguez v. Winiker, 2004 Mass. App. Div. 191, 192. The trial judge also properly exercised his discretion in ordering Bottone to reduce his excessive requests for rulings to a reasonable number appropriate for the limited issue in this case. See Mass. R. Civ. P., Rule 64A; Chiappetta v. Lyons, 1999 Mass. App. Div. 276, 277; Green v. Blue Cross and Blue Shield of Mass., Inc., 1996 Mass. App. Div. 165, 167.
Per the court’s order, Bottone culled 13 requests from his original 20 and submitted those for disposition. The judge allowed several requests as correct statements of law and also properly allowed a “warrant” request that the evidence permitted a general finding in favor of Bottone. The court denied requests 9,10,11 and 12 which sought rulings that the evidence warranted particular findings of fact in Bottone’s favor. While a party may seek a ruling that there is evidence to warrant the finding of a particular fact essential to that party’s case, Gauvin v. Clark, 404 Mass. 450, 456-457 (1989), the evidence must permit that finding. There was, therefore, no error in the denial of Bottone’s requests 10 and 11, as the evidence would not have permitted a finding that Bottone and his staff “did at least 50% of the work in preparing Wang’s ... claim... for settlement” and that Bottone was “entitled” to 50% of DeFreitas’ legal fee. Request 9 should have been allowed as it sought a ruling that the evidence warranted a finding that Bottone and his assistant “invested a substantial amount of time and effort” in Wang’s case. However, as the trial judge’s findings clearly indicate that he recognized and considered evidence in Bottone’s favor, but elected instead to believe and base his judgment on the evidence introduced by DeFreitas, see Canty v. Arbella Mut. Ins. Co., 1998 Mass. App. Div. 32, 34-35, there was no prejudicial error in the denial of request number 9.
2. Request number 10 focused on Bottone’s claim of unjust enrichment. The principal issue on this appeal is Bottone’s contention that the judge was incorrect in valuing the legal services he performed at only $1,000.00. Bottone acknowledges that Wang had an absolute right to fire him for any reason. “Essential to the lawyer-client relationship is the client’s right to change his attorney at any time — even without cause.” Smith v. Binder, 20 Mass. App. Ct. 21, 23 (1985); Herbits v. Constitution Indemnity Co., 279 Mass. 539, 542 (1921). When a client discharges an attorney after retaining that attorney on the basis of a contingent fee agreement, the discharge ter *59 minates the former attorney’s right to recover under that agreement. Malonis v. Harrington, 442 Mass. 692, 696-697 (2004). The discharged attorney’s potential recovery is then limited to quantum meruit. Id. at 697; Salem Realty Co. v. Matera, 10 Mass. App. Ct. 571, 575 (1986). Bottone was entitled on a quantum meruit claim to be compensated only for the “fair value of the services” he performed. MCI Worldcomm Communications v. Department of Telecommunications and Energy, 442 Mass. 103, 116 (2004); Malonis v. Harrington, supra, at 697. The value of the services of Bottone and his staff presented a question of fact for the trial judge. If, as the trial judge found, he was adequately compensated for the fair value of his services by DeFreitas’ offer, Bottone was not entitled to any additional recovery.
During the course of a two-day trial, the judge had the opportunity to hear testimony from both Bottone and DeFreitas and their staffs. In malting his decision, he had to weigh the credibility of the witnesses and determine whether Bottone had proven by a preponderance of the evidence that the $1,000.00 offer did not adequately compensate him for his efforts on Wang’s behalf. Bottone effectively urges us on this appeal to reconsider the trial court’s findings of fact. However, “[a]n appellate court does not weigh anew evidence in support of the appellant’s position.” Mark Moore Homes v. Tarvezian, 1998 Mass. App. Div. 172, 174. As we do not conclude on the basis of the record before us that the trial judge’s finding that Bottone’s work should be valued at $1,000.00 was clearly erroneous, Fillion v. Cardinal, 2000 Mass. App. Div. 284, 286, that finding cannot be disturbed on this appeal.
Therefore, the trial court’s finding as to the $1,000.00 value of Bottone’s legal services is affirmed. However, because Bottone has not yet been paid that amount, the court’s judgment for DeFreitas is vacated, and a judgment for Bottone in the amount of $1,000.00 shall be entered.
So ordered.

 That ruling is not before us on this appeal.