Lemire, James R., J.

Background

This case arises from claims of product liability and loss of consortium filed by the plaintiffs against Otis Elevator Company arising out of the minor plaintiff, Kevin Lou’s hand injury which occurred at the Changshou Tianyuan Department Store in Changzhou, China on October 18, 1998. The plaintiffs alleged that an escalator on which Kevin Lou was riding was a defective product and that as a result of said defect in the escalator, Kevin Lou was injured. The plaintiffs were seeking damages for the injuries suffered by Kevin Lou and for loss of consortium by his parents. 
The case was tried before the undersigned, sitting with jury, on November 5,2007 through December 20, 2007.[1]A verdict in favor of the plaintiffs was returned which awarded Kevin Lou $3,350,000 in compensatory damages and Beilin Chen and Jidong Lou $250,000 each for loss of consortium. The defendant thereafter filed these motions which were heard on March 3, 2008.
For the reasons stated below the defendant’s motions are DENIED.

Motion for Judgment Notwithstanding the Verdict

The test for granting a motion for judgment notwithstanding the verdict is the same as that for granting a directed verdict. Miga v. Holyoke, 398 Mass. 343, 348 (1986); Intern’l Totalizing Sys., Inc. v. Pepsi Co., Inc., 29 Mass.App.Ct. 424, 429-30, rev. denied, 408 Mass. 1105 (1990). See also Cambridgeport Savings Bank v. Boersner, 413 Mass. 432, 438 (1992). The court cannot weigh the evidence, consider the credibility of the witnesses, or substitute its judgment of the facts for that of the jury. O’Shaughnessy v. Besse, 7 Mass.App.Ct. 727, 728, (1979), rev. denied, 378 Mass. 801 (1979). The Court’s function is limited to determining whether the verdict is one that no reasonable jury could have reached on any view of the evidence. Tosti v. Agile, 394 Mass. 482, 494 (1985); Mullins v. Pine Manor College, 389 Mass. 47, 56 (1983). Granting or denying of a judgment notwithstanding the verdict on this ground rests in the sound discretion of the trial judge. Moose v. Massachusetts Institute of Technology, 43 Mass.App.Ct. 420, 426 (1997). A judge should exercise his discretion only when the verdict is so greatly against the weight of the evidence as to induce, in his mind, the strong belief that it was not due to a careful consideration of the evidence but that it was the product of bias, misapprehension or prejudice. Id. at 426.
The discretion of the trial court in ruling on a motion for judgment notwithstanding the verdict is narrowly circumscribed. The touchstone of the trial judge’s function in evaluating these motions is to consider all the evidence in the light most favorable to the non-moving party. The court must determine whether anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the non-moving parties on each element of their claims. Turnpike Motors, Inc. v. Newbury Group, Inc., 413 Mass. 119, 121 (1992). That is, if there is any rational basis for the jury’s verdict, it must stand.
As to the claims for product liability and loss of consortium, I find that there is no evidence before the Court that would warrant entering judgment notwithstanding the jury’s verdict in favor of the defendant. The determination of what role Otis played in the manufacturing of the escalator was an issue for the jury and I find that there was a basis in the evidence for their finding that Otis was the manufacturer or apparent manufacturer of the escalator.
I find that this case was ably tried to an attentive jury that was presented with all relevant evidence by competent counsel. Defendant has cited no issues which would warrant the setting aside of the jury’s verdict under the standard which this court must apply when ruling on a Rule 50(b) motion.

Motion for New Trial and for Remittitur

In considering the defendant’s motion for a new trial and for remittitur, the Court’s task differs from its role with respect to the motion for judgment notwithstanding the verdict. Massachusetts Rules of Civil Procedure Rule 59(a)(1) “permits the granting of a new trial in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the Commonwealth.” See Galvin v. Welsh Mfg. Co., 382 Mass. 340, 342 (1981). Allowance of a new trial is within the trial court’s discretion. Commonwealth v. Johnson Insulation, 425 Mass. 650, 668 (1997).
The standard on a motion for a new trial in a civil case is whether the verdict is so “markedly against the weight of the evidence as to suggest that the jurors allowed themselves to be misled, were swept away by *42 bias or prejudice, or for a combination of reasons, including misunderstanding of applicable law, failed to come to a reasonable conclusion.” W. Oliver Tripp Co. v. American Hoechst Corp., 34 Mass.App.Ct. 744, 748 (1993). In ruling on a motion for a new trial a j udge must necessarily consider the probative force of the evidence and not merely the presence or absence of any evidence upon a disputed point. Phachansiri v. City of Lowell 35 Mass.App.Ct. 576, 579-80 (1983). The judge, however, “should not decide the case as if sitting without a jury; rather, the judge should only set aside the verdict if satisfied that the juiy failed to exercise an honest and reasonable judgment in accordance with the controlling principles of law.” Hartmann v. Boston Herald-Traveler Corp., 323 Mass. 56, 60 (1948). Moreover, a judge should exercise this discretion only when the verdict “is so greatly against the weight of the evidence as to induce in his mind the strong belief that it was not due to a careful consideration of the evidence, but that it was the product of bias, misapprehension or prejudice.” Scannell v. Boston Elevated Ry., 208 Mass. 513, 514 (1911).
Otis argues that improper remarks by plaintiffs counsel during closing argument warrant a new trial or a reduction of damages. Otis contends that plaintiffs counsel crossed the line of proper summation and criticized him for taking impermissible liberties with the evidence, using the word “remedy” to suggest that the jury should punish the defendant in assessing damages and attempting to invoke sympathy for a young boy up against a global enterprise. I have reviewed the closing argument and disagree with the defendant’s characterization of the plaintiffs closing remarks. However, even assuming arguendo that the plaintiffs remarks were improper, it is clear that the juiy was instructed on more than one occasion that the closing arguments of counsel were not evidence and that it was their recollection of the evidence that should be relied upon. Additionally, the jury had been cautioned to make their decision based on the facts and not to let sympathy impact on their deliberations.[2] Further, I think it is important to point out that I observed the juiy during this lengthy trial and was impressed with the level of attentiveness and diligence that they displayed throughout the trial and can find no reason to believe that the jurors conducted their deliberations in any other manner. I find that there is no basis in the record or in what the Court observed with regard to the conduct of the members of the juiy that would support a conclusion, or even a suspicion, that the verdict was a result of the juiy’s bias, misapprehension, sympathy or prejudice. The verdict was reasonable and not against the weight of the evidence. I have no reason to think that the juiy “failed to exercise an honest and reasonable judgment in accordance with the controlling principles of law.” Robertson v. Snow, 404 Mass. 515, 520 (1989).
The defendant’s request for a remittitur likewise is without merit. A court should not grant relief unless it appears that a miscarriage of justice will result in the absence of relief. Walsh v. Chestnut Hill Bank & Trust Co., 414 Mass. 283, 292 (1993) (a new trial should not be ordered on the grounds that the damage award was excessive unless “it appears to the judicial conscience and judgment that otherwise a miscarriage of justice will result”); Moose v. Massachusetts Institute of Technology, 43 Mass.Ct. 420, 427 (1997). There should be no reduction to an award that does not “so shock the sense of justice as to compel the conclusion that the juiy was influenced by partiality, prejudice, mistake or corruption.” Labonte v. Hutchins & Wheeler, 424 Mass. 813, 825, quoting Mather v. Griffin Hosp., 540 A.2d 666 (Conn. 1988).
In this regard, I find that the juiy could have found that the minor plaintiff suffered severe and permanent injuries that had a dramatic impact on his life. I find that the amount of damages awarded by the juiy is not “greatly disproportionate” to the harm reasonably established by the evidence. Bartley v. Phillips, 317 Mass. 35, 41 (1944).
The juiy had before them a 13-year-old plaintiff whose life and quality of life had been forever altered by the accident. Kevin Lou had sustained severe injuries to his dominant hand, including a degloving, devascularization, crushed bones, severed nerves and arteries and severed ligaments. He has endured many surgeries and anticipates more in the future. His physical therapy lasted for six years. His hand is disfigured and he has numerous scars on his hand and arm. He will endure permanent restricted use of his right (dominant) hand.
In light of the severity Kevin Lou’s injuries and youth, and his past, present, and future damages, I conclude that the verdict does not “shock the conscience.” See Magaw v. Massachusetts Bay Transp. Authy., 21 Mass.App.Ct. 129, 139 (1985) (amount of damages not a “shocking” example of “juiy vigilantism in retaliation” for a subway crime). Further, I find that this jury assigned a value to the injuries that was reasonable, based on common experience, and that was not the product of bias, misapprehension or prejudice. Bartley v. Phillips, 317 Mass. 35, 41 (1944), quoting from Scannell v. Boston Elev. Ry., 208 Mass. 513, 514 (1911); Automated Donut Sys., Inc. v. Consolidated Rail Corp., 12 Mass.App.Ct. 326 (1981).

ORDER

It is therefore ORDERED that the defendant’s Motion for Judgment Notwithstanding the Verdict, or in the alternative, Motion for a New Trial and for Remit-titur is DENIED.

 There were 30 days in which the juiy heard evidence during these dates.

 “The juiy are presumed to follow such instructions.” Gath v. M/A-Com., Inc., 440 Mass. 482, 493 (2003).